```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
```

------------------------------X   **Docket#**
UNITED STATES OF AMERICA,     :   12-cr-00134-ERK-MDG
                              :
   - versus -                 :   U.S. Courthouse
                              :   Brooklyn, New York
JOHN DOE,                     :
              Defendant       :   October 5, 2012
------------------------------X


```
       TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
             BEFORE THE HONORABLE MARILYN D. GO
                UNITED STATES MAGISTRATE JUDGE
```

**A   P   P   E   A   R   A   N   C   E   S:**

<u>For the Government</u>:            **Loretta E. Lynch, Esq.**
                                United States Attorney

                         BY:    **David Bitkower, Esq.**
                                **Shreve Ariail, Esq.**
                                Assistant U.S. Attorney
                                271 Cadman Plaza East
                                Brooklyn, New York  11201


<u>For the Defendant</u>:             **Susan G. Kellman, Esq.**
                                25 Eighth Avenue
                                Brooklyn, NY 11217

                                **David Stern, Esq.**
                                Rothman, Schneider,
                                Soloway & Stern, P.C.
                                100 Lafayette Street,
                                Suite 501
                                New York, NY 10013


<u>Transcription Service</u>:         **Transcriptions Plus II, Inc.**
                                740 Sharon Road
                                Copiague, New York 11726
                                <u>Transcriptions2@verizon.net</u>


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1       THE CLERK:  Criminal Cause for Motion to Seal
2  The Courtroom, United States v. John Doe, docket number
3  12-cr-134.
4       Will the parties please state their appearances
5  for the record starting with the government?
6       MR. BITKOWER:  Good afternoon, your Honor.
7       David Bitkower, for the government and with me
8  at counsel table are Shreve Ariail, also of the United
9  States Attorney's Office, Alumbdar  Hamdamni (ph.) and
10 Anna Marine Sala (ph.) with the Department of Justice.
11      MS. KELLMAN:  Good afternoon, your Honor.
12      Susan Kellman for the defendant and I'm
13 assisted at counsel table by David Stern, my co-counsel
14 and we're also assisted by Housa interpreter and I'll let
15 him introduce himself.
16      THE INTERPRETER:  Good afternoon.
17      My name is Mohommed Aziz Shuaib, Housa
18 interpreter, interpreting from Housa to English and
19 English to Housa.
20      THE COURT:  Okay.  Now please remain standing.
21 (INTERPRETER SWORN)
22      THE COURT:  Now the first matter on our agenda
23 is the government's motion for closure.  Is there anybody
24 here -- does the defense counsel have any comments as to
25 the motion?

Proceedings
3

1    MS. KELLMAN:  We have no objection, your Honor.
2    THE COURT:  Okay.  And is there anybody in the
3 courtroom who wants to speak on the motion?
4    MR. BITKOWER:  And I would note for the record,
5 your Honor, that the doors are unsecured and anyone can
6 enter the courtroom at this point, if they wish to.
7    THE COURT:  Then I will grant the motion and I
8 am going to set forth very briefly on the record and this
9 will be a public record, my findings as to why closure --
10 the government's motion for closure should be granted.
11   Now, the motion for -- the proceeding at issue
12 is an initial appearance of the defendant in this matter.
13 I don't think there's any dispute that the press and
14 public enjoy a qualified First Amendment right to access
15 in criminal trial proceedings.  That's been stated many
16 times and many Supreme Court cases and as the Supreme
17 Court in Press Enterprise Company stated, the right also
18 extends to the criminal trial itself and to other
19 integral parts of the trial process, such as voir dire
20 proceedings and preliminary hearings.
21   So, lower courts have extended the right of
22 access to pretrial proceedings, including bail hearings,
23 suppression hearings and in light of the fact as the
24 Second Circuit acknowledged in Alcantara, that the
25 Federal Rules of Procedure had long provided for the

4

Proceedings

1 public conduct of arraignments.  I will just proceed with
2 my analysis as to why public -- why closure might be
3 appropriate in this case.
4          So, I note preliminarily that the procedures
5 set forth by the Second Circuit in Alcantara have been
6 followed here.  The government filed a notice of motion
7 that was publicly available and that has set forth the
8 date and place of this hearing.
9          Secondly, the Court has published a calendar
10 setting forth the time and place of this hearing and that
11 calendar is both publicly available and appears on the
12 publicly available court docket.
13          So, with respect to the motion itself, I have
14 reviewed the motion papers by the government and I make
15 the following findings:
16          First, I find that there is a substantial
17 probability of prejudice to a compelling interest of the
18 defendant and the government if public access were
19 permitted.
20          With respect to the compelling interests of the
21 government, the government's papers indicate that there
22 is an ongoing investigation of serious crimes which
23 involve violence and complex criminal organizations.
24 Given the nature of the investigation and the crimes
25 investigated, I find that the integrity of the

Proceedings

5

1 investigation would be adversely impacted absent
2 confidentiality in this case.  And those considerations
3 are discussed by the Second Circuit in United States v.
4 Haller, a 1988 Second Circuit case.
5 　　　　　With respect -- and the Second Circuit has long
6 observed that the integrity of criminal investigations is
7 an important concern.  By having a public proceeding at
8 this juncture, there is a possibility that documents and
9 potential witnesses could be disclosed and it could
10 affect the potential witness -- potential witnesses from
11 wanting to testify.
12 　　　　　Now, given the nature of the crimes being
13 investigated, I also find that there are compelling
14 interests on the part of the defendant to -- for
15 confidentiality at this point.  Based on the nature of
16 the crimes alleged, I think that there is a tangible risk
17 of retaliatory actions against any person providing
18 adverse information and also any person providing
19 information could be subject to efforts to thwart such
20 testimony.
21 　　　　　And as the Second Circuit noted in the Doe case
22 at 63 F.3d, page 130, these concerns are especially acute
23 in the context of criminal organizations.
24 　　　　　Next, I find that there's a substantial
25 probability -- that there's a lack of reasonable

6

Proceedings

alternatives to closure to protect the compelling interests of the government and the defendant. I think that's quite self-evident here that if the identity of John Doe were disclosed at this juncture, the concerns I expressed regarding the interest in the investigation and the potential acts against the defendant could be quite real and tangible.

Third, I find that the prejudice to the compelling interests of the government and defendant overrides the qualified first amendment right of access here and because of the importance of the investigation and the need for the defendant for privacy, I think that those needs do override the First Amendment right of access.

And finally, I am granting the motion only as to this proceeding which is the request of the government and I think that that is a narrowly crafted order in this regard. I will note though, I am going to add that at some juncture, when the case becomes public, that the government will have two weeks either to unseal or make an application for further sealing of the court docket.

So for the following reasons, I do grant the motion and I will ask that the courtroom be secured.

(Matter concluded)

-o0o-

7

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **14TH** day of **January**, 2013.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.

Transcriptions Plus II, Inc.