SA:AH
F.#20011:R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          Cr. No. 12-CR-134 (ERK)

    - against -

ADNAN IBRAHIM HARUN ADAM HAUSA,

        Defendant.

- - - - - - - - - - - - - - - - X

### PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION

This matter comes before the court upon the motion of the United States for a Protective Order Regarding Classified Information to prevent the unauthorized disclosure or dissemination of classified national security information and documents which will be reviewed or made available to the defendant's counsel by the government during the prosecution of this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2011) ("CIPA"), the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9 (hereinafter the "Security Procedures"),

2

Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the court, and in order to protect the national security of the United States,

IT IS HEREBY ORDERED:

1.   The Court finds that this case will involve information that has been classified in the interest of the national security.  The storage, handling and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances.  The purpose of this Order is to establish procedures that must be followed by cleared defense counsel of record, their designated employees, and all other individuals who receive access to classified information or documents in connection with this case.  This Order does not create a generalize right of access to classified information or documents.  These procedures will apply to all pretrial, trial, post-trial and appellate matters concerning classified information and may be modified from time to time by further order of the Court acting under Federal Rule of Criminal Procedure 16(d), sections 3 and 9 of CIPA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

3

DEFINITIONS

2.      As used herein, the terms "classified national security information and documents," "classified information," "classified documents," and "classified material" refer to:

A.      Any classified document or information that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 13526, or its predecessor orders as "CONFIDENTIAL" or "SECRET," or any information contained in such documents;

B.      Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from a United States Government classified document, information, or material, regardless of whether such document, information, or material has itself subsequently been classified by the Government pursuant to Executive Order 13526 or its predecessor orders as "CONFIDENTIAL" or "SECRET;"

C.      Verbal classified information known to the defense counsel;

D.      Any document or information, including verbal information, which the defense counsel have been notified orally or in writing contains classified information; and

4

E.   Any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 13526, that could reasonably be believed by the defense to contain classified information, or that refers or relates to national security or intelligence matters.

3.   The words "documents," "information," and "material" shall include but are not limited to all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise); and further include but are not limited to:

A.   Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings or other communications, bulletins, teletypes, telegrams and facsimiles, invoices, worksheets and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

B.   Graphic or oral records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind,

5

and motion pictures;

C.   Electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

D.   Information acquired orally or verbally.

4.   "Access to classified information" means having access to, reviewing, reading, learning or otherwise coming to know in any manner any classified information.

5.   "Secure Area" shall mean a physical facility approved by the Classified Information Security Officer for the storage, handling, processing, and control of classified information.

6.   All classified documents or material and the information contained therein shall remain classified unless the documents or material bear a clear indication that they have been declassified by the agency or department that is the originating agency (hereinafter the "Originating Agency") of the document, material, or information contained therein.

7.   Classified Information Security Officer.  In accordance with the provisions of CIPA and the Security

6

Procedures, the Court designates Harry J. Rucker as Classified Information Security Officer for this case, and Jennifer H. Campbell, Branden Forsgren, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Maura L. Peterson, Carli V. Rodriguez-Feo, W. Scooter Slade, and Michael P. Macisso, as Alternate Classified Information Security Officers for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified  information to be made available in connection with this case.  Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

8.     <u>Government Attorneys</u>.  The Court has been advised that the Government attorneys working on this case, Assistant United States Attorneys Shreve Ariail, Seth DuCharme, and Richard Tucker (collectively referred to hereinafter as the "Government Attorneys"), have the requisite security clearances to have access to the classified information that relates to this case.

9.     <u>Protection of Classified Information</u>.  The Court finds that, in order to protect the classified information involved in this case, only appropriately cleared Government Attorneys and Department  of  Justice  employees,  personnel  of  the  Originating

7

Agency, appropriately cleared defense counsel, and appropriately cleared employees of defense counsel, shall have access to the classified information in this case.

A.    Appropriately cleared defense counsel and employees of defense counsel may obtain access to classified documents or information only if such person has:

    I.    Received the necessary security clearance at the appropriate level of classification, through or confirmed by the Classified Information Security Officer;

    II.   Received permission of the Court, either through this Order (for those named in paragraph 10 below) or by a separate Court order upon showing of a need-to-know.

    III.  Signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order.

B.    Defense counsel shall file originals of the executed Memoranda of Understanding with the Classified Information Security Officer and the Government before submitting for electronic filing in the public record.

C.    The substitution, departure and removal for any reason from this case of counsel for the defendant, or anyone associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

8

10.  Cleared Defense Counsel.  Subject to the provisions of paragraph 9, the following attorney(s) for the defense and their approved employee(s) (collectively referred to hereinafter as "the Defense"), may be given access to classified information as required by the Government's discovery obligations: David Stern, Esq., and Susan Kellman, Esq.  Any additional person whose assistance the Defense reasonably requires may have access to classified information in this case only after (1) the Defense obtains from the Court - with at least two weeks prior notice to the Government - an approval for access to the appropriate level of classification on a need-to-know basis; (2) the Government has been given an opportunity to be heard in response to the Defense request; and (3) the Defense satisfies the other requirements described in this Order for access to classified information.

11.  Secure Area of Review.  The Classified Information Security Officer shall arrange for an appropriately approved Secure Area for use by the Defense.  The Classified Information Security Officer shall establish procedures to assure that the Secure Area is accessible to the Defense during normal business hours and at other times on reasonable request as approved by the Classified Information Security Officer and in consultation with the United

9

States Marshals Service and the Court. The Secure Area shall contain a separate working area for the Defense, and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense in this case. The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents or other material containing classified information may be removed from the Secure Area unless authorized by the Classified Information Security Officer. The Classified Information Security Officer shall not reveal to the Government the content of any conversations he or she may hear among the Defense, nor reveal the nature of documents being reviewed by them, nor the work generated by them. In addition, the presence of the Classified Information Security Officer shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client privilege.

12. Filings with the Court. Until further order of this Court, any motion, memorandum, or other document filed by the Defense that defense counsel knows, or has reason to believe, contains classified information in whole or in part, or any

10

document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court through the Classified Information Security Officer or an appropriately cleared designee of his choosing.  Pleadings filed under seal with the Classified Information Security Officer shall be marked "Filed In Camera and Under Seal with the Classified Information Security Officer" and shall include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Classified Information Security Officer shall be considered as the date and time of court filing.  The Classified Information Security Officer shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information.  If the Classified Information Security Officer determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal.  All portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the Classified

11

Information Security Officer and placed in the public record unless such information is otherwise subject to a separate protective order entered by the Court.  At the time of making a physical submission to the Classified Information Security Officer, counsel shall file on the public record in the CM/ECF system a notice of filing.  The notice should contain only the case caption and an unclassified title in the filing.  The Classified Information Security Officer shall make arrangements for prompt delivery under seal to the Court and counsel for the Government any document to be filed by the Defense that contains classified information unless filed ex parte.

13.  Any document filed by the Government containing classified information shall be filed under seal with the Court through the Classified Information Security Officer.  Pleadings filed under seal with the Classified Information Security Officer shall be marked "Filed In Camera and Under Seal with the Classified Information Security Officer" and shall include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Classified Information Security Officer shall be considered the date and time of  filing.  At the time of making a physical

12

submission to the Classified Information Security Officer, counsel shall file on the public record in the CM/ECF system a notice of filing.  The notice should contain only the case caption and an unclassified title in the filing.  The Classified Information Security Officer shall make arrangements for prompt delivery under seal to the Court and cleared defense counsel any document to be filed by the Government that contains classified information, unless filed ex parte.

14.  Sealing of Records: The Classified Information Security Officer shall maintain a separate sealed record for those pleadings containing classified materials, and retain such record for purposes of later proceedings or appeal.

15.  Access to Classified Information. The Defense shall have access to classified information only as follows:

A.  All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created or maintained by the Defense, shall be stored, maintained and used only in the Secure Area established by the Classified Information Security Officer;

B.  The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those

13

materials. However, the Defense shall not, except under separate Court order, disclose the classified information, either directly, indirectly, or in any other manner which would disclose the existence of such, to pursue leads or in the defense of the defendant;

C. The Defense shall not copy or reproduce any classified information in any form, except with the approval of the Classified Information Security Officer, or in accordance with the procedures established by the Classified Information Security Officer for the operation of the Secure Area;

D. All documents or electronic or computer media prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the Secure Area on approved word processing equipment, and in accordance with the procedures approved by the Classified Information Security Officer. All such documents or electronic or computer media and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, etc.) containing classified information shall be

14

maintained in the Secure Area, unless and until the Classified Information Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government;

E.   The Defense shall discuss classified information only within the Secure Area or in another area authorized by the Classified Information Security Officer, and shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument or office intercommunication system or through any other method of communication that has not been specifically authorized by the Classified Information Security Officer for transmission of classified information; and

F.   The Defense shall not disclose, without prior approval of the Court, any classified information to any person not authorized pursuant to this Order, including any uncleared defense counsel, the defendant and defense witnesses, except for the Court, court personnel, and the Government Attorneys who have been identified by the Classified Information Security Officer as having the appropriate clearances and the need-to-know that information. Counsel for the Government shall be given an opportunity to be heard in response to any request by the Defense for disclosure of classified information to a person not named in this Order. Any

15

person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the Defense requires that classified information be disclosed to persons not named in this Order, then, upon approval by the Court and upon prior notice to the Government, the Classified Information Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

16. Procedures for the use or disclosure of classified information by the Defense shall be those provided in sections 5 and 6 and 8 of CIPA. To facilitate the Defense's filing of notices required under section 5 of CIPA, the Classified Information Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information, either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pre-trial proceeding, deposition or at trial. Nothing submitted by the Defense to the Classified Information Security Officer pursuant to this paragraph shall be made available to counsel for the Government unless so

16

ordered by the Court, or so designated by the Defense. Any and all items that are classified shall be listed in the defendant's CIPA section 5 notice. To the extent that any classified information is the basis of any motion filed by the Defense, such motion shall be preceded by a CIPA section 5 notice.

17. Information in the public domain is ordinarily not classified. However any confirmation, corroboration, or denial of such information that is based on classified information is subject to the provisions of CIPA. Therefore, any attempt by the defendant or defense counsel to elicit such a confirmation, corroboration, or denial at trial, or in connection with any pre-trial or other proceeding in this case, shall be governed by CIPA and all provisions of this Order.

18. <u>Violations of this Order</u>. Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order will result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent

17

handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States.  This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, without prior written authorization from the Originating Agency and in conformity with this Order.

19.    All classified information to which the Defense has access in this case is now and will remain the property of the Government.  The Defense and anyone else who receives classified information pursuant to this Order shall return and surrender all such classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified information, upon demand of the Classified Information Security Officer.  The notes, summaries and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the Classified Information Security Officer for the duration of this case.  At the conclusion of all proceedings, including any final appeals, all such notes, summaries and other

18

documents are to be destroyed by the Classified Information Security Officer in the presence of defense counsel if so requested.

20.     Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA and/or Rule 16(d) as to particular items of discovery material.

21.     Nothing in this Order shall modify the protective order regarding unclassified materials dated October 2, 2012.

22.     A copy of this Order shall be issued forthwith to counsel for the defendant, who shall be responsible for advising the defendant and defense counsel employees, of the contents of this Order.

**SO ORDERED** this _____ day of _____, 2013.

_____
THE HONORABLE EDWARD R. KORMAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK