**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SA<br>F.#2011R01313 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

March 6, 2015

**Submitted Partially Under Seal**
<u>By ECF (w/o attachments) and Hand Delivery</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Ibrahim Harun Hausa
             <u>Criminal Docket No. 12-CR-134 (BMC)</u>

Dear Judge Cogan:

      At the Court's direction, and in anticipation of the upcoming hearing on the defendant's competency, the government respectfully submits for the Court's consideration various materials, many of which are subject to the Court's protective order dated October 2, 2014, including three reports prepared pursuant to Title 18, United States Code, Sections 4241 and 4247, in support of the government's request that the Court find the defendant competent to stand trial in this case. <u>See</u> <u>Brown v. Warden, Great Meadow Correctional Facility</u>, 682 F. 2d. 348 (2d Cir. 1982)(burden is placed on the prosecution to show that defendant is mentally competent to stand trial).

      In support of its application, the government submits a report prepared by Dr. Mark Mills, a forensic psychiatrist who was jointly retained by counsel for the defendant and the government, in which Dr. Mills concluded that:

>When [the defendant] is in what he considers a supportive environment without noticeable irritants, he is rational, thoughtful, convivial and seemingly blessed with a remarkable memory. When he is unsure of getting his way, and/or when he feels challenged he sometimes become angry, uncooperative and (arguably) self-defeating. The former conclusions strongly suggest that his outbursts are volitional: he wants to be listened to, deferred to and acknowledged as a witness to some very important history. He can be obstructionist and manipulative, sometimes to no apparent end, but his response [during his third interview] was so dramatic as to convince me that his behaviors are essentially rational, when viewed with regard to his inflexible point of view. Overall then, he is not presently psychotic, incompetent or insane. In fact, I conclude that he is fit to proceed. Revised Mills Report dated August 22, 2013, at 6.[1]

Similarly, in support of its application, the government submits a report prepared by Dr. Richard Demier, a clinical and forensic psychologist who was assisted in his evaluation by Dr. Preston Baecht and Dr. Randy Brandt, all of whom are employed by the United States Medical Center for Federal Prisoners located in Springfield, Missouri, in which Dr. Demeir concluded that it was his "opinion that [the defendant was] competent to proceed." DeMeir Report dated August 27, 2014, at 25.[2] While noting that the defendant had "exhibited symptoms consistent with a psychotic illness, [and] that the possibility of a psychotic illness cannot be definitely ruled out," Dr. DeMeir indicated that the defendant did not "appear to be impaired by symptoms of psychosis" as of the date of the report and that it was his "current opinion that [the defendant] has the ability to understand the nature and potential consequences of the proceedings against him and to properly assist in his defense." Id. at 25-26. No psychiatric report has indicated otherwise.

---

[1] A copy of Dr. Mills's revised report dated August 22, 2013, a redacted version of the same report which was provided to Dr. DeMeir (on consent of counsel for the defendant), and a copy of Dr. Mills's *curriculum vitae* are attached as Exhibit 5.

[2] A copy of Dr. Demeir's two reports dated February 3 and August 27, 2014, are attached as Exhibits 8 and 9, respectively.

Many of the materials upon which Drs. Mills and Demier relied, and upon which the government also relies in support of its application, are enclosed for the Court's reference, including the following: (1) affidavits filed in connection with the defendant's extradition to the United States, attached as Exhibit 1; (2) reports prepared by the Federal Bureau of Investigation in connection with the defendant's numerous proffers with the United States, attached as Exhibit 2; and (3) transcripts of various court proceedings dated May 3, 2013, June 28, 2013, August 2, 2013, September 4, 2013, attached respectively as Exhibits 3, 4, 6 and 7.[3]

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:      /SA/
Shreve Ariail
Assistant U.S. Attorney
(718) 254-6616

cc:   Susan Kellman, Esq. (By ECF w/o attachments)
      David Stern, Esq. (By ECF w/o attachments)

---

[3] Additional materials, maintained by the United States Bureau of Prisons and the Italian government, which were provided to Drs. Mills and Demeir for their consideration, are also available for the Court's review.  In light of the Court's prior protective order, dated October 2, 2014, and given the sensitivity of the materials provided to the Court, the government has filed Exhibits 1, 5, 8 and 9 under seal.