SA:MJJ
F. # 2011R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

ADNAN IBRAHIM HARUN ADAM
SALEH HAUSA,

    Defendant.

– – – – – – – – – – – – – – – – –X

Docket No. 12-CR-134 (BMC)

# MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Shreve Ariail
Matthew J. Jacobs
Assistant United States Attorneys
    (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ..............................................................................................................................1

ARGUMENT ....................................................................................................................................2

    I.       Section 4 of the Classified Information Procedures Act .................................................2

    II.      *Ex Parte* Submission of the Government's CIPA Section 4 Motion Is Warranted .......3

    III.     Defense Counsel's Request for an *Ex Parte* Presentation .............................................7

CONCLUSION .................................................................................................................................9

PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in response to the motion of defendant Adnan Ibrahim Harun Adam Saleh Hausa, also known as "Spin Ghul," "Esbin Gol," "Isbungol," "Abu Tamim," "Joseph Johnson" and "Mortala Mohammed Adam," to deny the government's application to file its motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, § 4., as an ex parte submission and to compel disclosure of that motion to the defense. (See Dkt. Nos. 78-80.) In the alternative, the defendant requests that the Court compel the government to disclose the legal arguments supporting its application to file the CIPA Section 4 motion ex parte and/or provide defense counsel the opportunity to make an ex parte presentation to the Court regarding the government's CIPA Section 4 motion.

As noted in its December 7, 2015 letter, the government has no objection to defense counsel's request for an ex parte presentation to the Court. But defense counsel's requests that the Court deny the government's application to file its CIPA Section 4 motion ex parte and compel the government to reveal its legal arguments (aside from the general legal standards set forth herein) should be denied. As explained in greater detail below, granting these requests "would defeat the very purpose of the discovery rules" governing CIPA Section 4 filings. United States v. Abu Jihaad, 630 F.3d 102, 143 (2d Cir. 2010).

BACKGROUND

On November 6, 2015, the Government made a classified, ex parte and in camera filing, pursuant to Section 4 of CIPA and Rule 16(d) of the Federal Rules of Criminal Procedure, concerning classified discovery in this case. That same day, the government provided the defense with notice of its CIPA Section 4 filing as well as a copy of the

proposed order that the government submitted to the Court in connection with its motion. On December 14, 2015, the defense filed the pending motion, requesting that the Court deny the government's request to file its CIPA Section 4 motion ex parte. (See Dkt. No. 78; see also Memorandum in Support ("Mem."), Dkt. No. 80.)

ARGUMENT

I. Section 4 of the Classified Information Procedures Act

CIPA governs the discovery of classified information in federal criminal cases. See, e.g., Abu Jihaad, 630 F.3d at 140-41. Congress enacted CIPA to enable the government to comply with its criminal discovery obligations while simultaneously safeguarding classified information and protecting national security interests. See id; see also S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), reprinted in 1980 U.S.C.C.A.N. 4294, 4296. CIPA authorizes the Court to deny or modify discovery of classified information that ordinarily would be produced pursuant to Rule 16 or otherwise. Section 4 of CIPA specifically provides that "upon a sufficient showing," a court may "authorize the United States to delete specified items of classified information from [discovery], . . . to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. App. 3 § 4.

CIPA Section 4 thus "clarifies district courts' powers under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." Abu-Jihaad, 630 F. 3d at 140 (quoting United States v. Stewart, 590 F.3d 93, 130 (2d Cir. 2009) (internal quotation marks omitted)); see also Fed. R. Crim. P. 16(d)(1) (district courts may "for good cause, deny . . . discovery or inspection, or grant other appropriate relief"). Courts in the

2

Second Circuit evaluate CIPA Section 4 motions to delete or substitute classified information against the backdrop of well-developed standards set forth in cases such as Abu-Jihaad, 630 F.3d at 141, Stewart, 590 F.3d at 131, and United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008), and United States v. Roviaro, 353 U.S. 53, 62 (1957). These cases make clear that Section 4 of CIPA specifically contemplates ex parte filings by the government: "The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4.

II.  *Ex Parte* Submission of the CIPA Section 4 Motion Is Warranted

Defense counsel does not dispute that Rule 16(d)(1) and CIPA Section 4 both authorize the filing of motions in camera and ex parte.[1] Instead, defense counsel argues that the Court should exercise its discretion to deny the government's request to file its CIPA Section 4 motion ex parte. This argument should be rejected because it flies in the face of Second Circuit case law and misunderstands the purpose of CIPA Section 4.

The substance of the classified information that the government seeks to withhold from discovery appears throughout its CIPA Section 4 motion, and underlies or is otherwise inextricably intertwined with the legal arguments therein. Disclosure of that motion to the defense would therefore reveal the very classified information the motion seeks to shield. That is precisely why the Second Circuit has held in the CIPA Section 4 context that "where the government moves to withhold classified information from the defense, 'an

---

[1] See Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte."); see also 18 U.S.C. app. 3 § 4 ("The court may permit the United States to make a request" to deny or limit discovery of classified information "in the form of a written statement to be inspected by the court alone.").

3

adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" Abu-Jihaad, 630 F.3d at 143 (quoting Aref, 533 F.3d at 81); see also United States v. Stewart, 590 F.3d 93, 132 (2d Cir. 2009) (same); United States v. Zazi, No. 10 Cr. 60 (JG), 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) (Gleeson, J.) (same).

As Judge Gleeson explained in Zazi, "affording defense counsel the opportunity 'to litigate whether a particular substitution or redaction is necessary would allow the defendant to determine exactly what the government is attempting to withhold during such proceedings." 2011 WL 2532903, at *3 (quoting United States v. Libby, 429 F. Supp. 2d 18, 25 (D.D.C. 2006)); see also United States v. El-Hanafi, 10-CR-162 (KMW), 2012 WL 603649, at *1 (S.D.N.Y. Feb. 24, 2012) (Wood, J.) (denying motion in opposition to ex parte filing of a CIPA Section 4 motion and noting that "it would defeat the purpose of the protective order if the government were require to make its showing in open court") (quoting Fed. R. Crim. P. 16 Advisory Committee's note). Indeed, "[w]ith respect to the government's request to delete irrelevant classified materials from discovery, an adversary proceeding would be particularly anomalous, as it would provide defense counsel access to sensitive information to which, if the government is correct, they are not entitled under any theory." Zazi, 2011 WL 2532903, at *3; United States v. Mustafa, 992 F. Supp. 2d 335, 339 (S.D.N.Y. 2014) (Forrest, J.) (same); El-Hanafi, 2012 WL 603649, at *1 (same); United States v. Babefemi,13-CR-109 (JG), 2014 WL 1515277, at *3 (E.D.N.Y. April 18, 2014) (Gleeson, J.) (same).

For these reasons, "courts routinely uphold the practice of proceeding ex parte when," as here, "the substance of the classified information that the Government seeks to be withheld from discovery is explicitly discussed in the relevant motion." Mustafa, 992 F.

4

Supp. 2d at 339; see also United States v. Klimavicius-Viloria, 144 F.3d 1249, 126-61 (9th Cir. 1998) ("In a case involving classified documents . . . *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); United States v. Kampiles, 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that [i]n camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper.").[2]

Defense counsel argues that the government must demonstrate "exceptional circumstances" to justify ex parte filing of its CIPA Section 4 motion. (See Mem. at 5.) This argument has been squarely rejected by courts in the Second Circuit and elsewhere. As the Second Circuit stated in Abu-Jihaad, defense counsel's

> contention that [ex parte CIPA Section 4] submissions are improper absent a showing of exceptional circumstances amounts to a challenge to the district court's exercise of discretion to proceed *ex parte*. The argument fails in light of our decision in *United States v. Aref*, in which we recognized that where the government moves to withhold classified information from the defense, "an adversary hearing with defendant knowledge would defeat the very purposes of the discovery rules."

630 F.3d at 143 (quoting Aref, 533 F.3d at 81); see also United States v. Ahmad, 04-CR-301 (JCH), 2013 WL 1899792 (D. Conn. May 1, 2013) (characterizing as "improper[]" the

---

[2] On June 25, 2013, the government filed a memorandum of law in support of a motion for a pretrial conference pursuant to CIPA, in which the government disclosed its intention to file a CIPA Section 4 motion ex parte and in camera and summarized the law relating to such filings. (See Dkt. No. 36.) Notably, the defense did not object to this procedure at that time. Nor did the defense claim that it had not been sufficiently apprised of the legal standards supporting such a procedure, which are set forth in this memorandum as well.

5

defendant's reliance on an "exceptional circumstances test" in opposing ex parte filing of a CIPA Section 4 motion). Similarly, in United States v. Libby,

> the Court decline[d] to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4. There is simply no requirement for such a showing in the CIPA, and this Court cannot not judicially require it.

429 F. Supp. 2d 18, 25 (D.D.C. 2006), amended on reconsideration, 429 F. Supp. 2d 46.

The defense also argues that "given defense counsels' security clearance, the government cannot plausibly contend that sharing its §4 submission under the provisions of a CIPA protective order would endanger national security."[3] (Mem. at 7.) This argument misses the point. Even cleared defense counsel are permitted access only to the classified information that they have a "need-to-know." Cf. Executive Order 12,968 (Aug. 2, 1995) (discussing access to classified information). Defense counsel's security clearances—no matter the level—do not justify denial of the government's request to file its CIPA Section 4 motion ex parte and in camera. See, e.g., Babafemi, 2014 WL 1515277, at *3 (the defendant's "lawyers both possess top secret security clearances, which afford them access to the classified summaries the government will shortly provide, but those clearances do not mandate an adversary hearing [concerning a CIPA Section 4 filing] or access to immaterial

---

[3] To support this contention, defense counsel cites the unremarkable proposition that "there are fewer threats to national security in disclosing classified documents to a . . . [defense] attorney who ha[s] obtained security clearances, than when disclosure is made to someone who has not received security clearances." (Mem. at 7-8 (quoting Libby, 429 F. Supp. 2d at 4).) Of course, the uncontroversial premise that disclosure to cleared counsel raises "fewer threats" than disclosure to uncleared counsel in no way supports defense counsel's sweeping conclusion that "given defense counsels' security clearances, the government cannot plausibly contend that sharing its §4 submission under the protections of a CIPA protective order would endanger national security." (Mem. at 7 (emphasis added).)

6

classified information for which counsel has no legitimate need."); see also Mustafa, 992 F. Supp. 2d at 240 ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses." (quoting Libby, 429 F.Supp.2d at 24 n.8)).  As these cases make clear, where, as here, the defense does not have a "need to know" classified information set forth in a CIPA Section 4 motion, courts permit the filing of that motion ex parte.

It is simply "[n]ot true" that "disclosing state secrets to cleared lawyers could not harm national security."  United States v. Daoud, 755 F.3d 479, 484 (7th Cir. 2014) (Posner, J.).  As Judge Posner explained in Daoud,

> Though it is certainly highly unlikely that [the defendant's] lawyers would, Snowden-like, publicize classified information in violation of federal law, they might in their zeal to defend their client, to whom they owe a duty of candid communication, or misremembering what is classified and what not, inadvertently say things that would provide clues to classified material.

Id. (reversing district court order requiring the government to disclose classified materials supporting a Foreign Intelligence Surveillance Act warrant).

Defense counsel's claim that "*ex parte* proceedings are exceedingly disfavored" is also unavailing.  (Mem. at 6.)   The notion that "adversary procedure is always essential to resolve contested issues of fact" represents an "incomplete description of the American judicial system in general and the federal judicial system in particular."  Daoud, 755 F.3d at 484.  "Not only is federal judicial procedure not always adversarial; it is not always fully public."  Id. (citing various proceedings that are nonpublic or non-adversarial).  As Judge Posner concluded in Daoud, "[c]onventional adversary procedure thus has to be

7

compromised in recognition of valid social interests that complete with the social interest in openness." Id.

Finally, defense counsel contends that ex parte filing of the government's CIPA Section 4 motion should be denied because "the Court cannot properly function as Mr. Harun's surrogate advocate" and that there is an "overwhelming danger of erroneous decisions" as a result. (Mem. at 8.) At least one court in this Circuit has considered and rejected this very argument. See Ahmad, 2013 WL 1899792 at *2 ("However genuine this fear may be, such concerns apply to all cases in which the court must determine whether classified information is 'helpful or material' to the defense. Were the court to find such arguments 'exceptional,' it would never allow the government to proceed *ex parte*, in clear contravention of CIPA's authorization to do so.").

The relief defense counsel seeks—that is, denial of the government's request to file its CIPA Section 4 motion ex parte—is unprecedented. Defense counsel does not cite any case in which a federal court has refused to permit ex parte filing of a CIPA Section 4 motion, and the government is not aware of any such instance.

III.    Defense Counsel's Request for an *Ex Parte* Presentation

The defense alternatively argues that the Court should allow defense counsel to make an ex parte submission of its own, "in order to assist the Court in making its §4 determinations." (Mem. at 12.) Of course, CIPA does not expressly authorize or contemplate ex parte submissions from the defense. See 18 U.S.C. app. 3 § 4; see also Zazi, 2011 WL 2532903 at *3 ("[The defendant's] lawyers offer to apprise me of their theory of the case, *ex parte*, so that I may better understand what kind of material might be 'helpful' to

8

the defense. I decline that offer because I am confident the presentation is unnecessary.")[4]

On prior occasions, however, courts in this Circuit have granted defense requests for ex parte presentations related to CIPA Section 4 motions (Mem. at 12-13), and the government has no particular objection to such a presentation in this case. In his motion, the defendant cites several cases in which courts have permitted ex parte presentations by the defense in similar contexts. (Mem. at 13 (citing Mustafa, 992 F. Supp. 2d at 335; United States v. Abu Ghayth, 98-CR-1023 (LAK) Dkt. No. 1285 (S.D.N.Y. Aug. 19, 2013); United States v. Fawwaz, 98-CR-1023 (LAK) Dkt. No. 1284 (S.D.N.Y. Aug. 19, 2013); Ahmad, 2013 WL 1899792; and El-Mezain, 04-CR-240-G (AJF) (N.D. Tex. Mar. 28, 2007).) Notably too, in every one of these cases, the courts permitted the government to make its CIPA Section 4 filings ex parte and in camera.

---

[4] Defense counsel states that in United States v. El-Mezain, 04-CR-240-G (AJF) (N.D. Tex. Mar. 28, 2007), the court permitted "an *ex parte* conference in chambers with defense counsel." (Mem. at 13 n.4.) Notably, however, the court in El-Mezain denied defense counsel's motion to compel disclosure of the government's CIPA Section 4 filing. El-Mezain, Dkt. No. 605. Furthermore, in its order denying defense counsel's motion, the court also denied defense counsel's request to file a written ex parte submission, stating that it "it does not believe an *ex parte* submission from the defendant would be helpful." Id. at 4.

9

## CONCLUSION

Denying the government's request for ex parte submission of its CIPA Section 4 motion "would defeat the very purpose of the discovery rules" governing such filings. Abu Jihaad, 630 F.3d at 143. For this reason, and the others set forth above, the government respectfully submits that the Court permit ex parte submission of the government's CIPA Section 4 motion and deny the defendant's request for disclosure of the legal arguments supporting the government's ex parte filing request.

Dated: Brooklyn, New York
      January 15, 2016

                                Respectfully submitted,

                                ROBERT L. CAPERS
                                United States Attorney
                                Eastern District of New York

                By:            /s/
                         Shreve Ariail
                         Matthew J. Jacobs
                         Assistant United States Attorneys
                         718-254-6616/6401