```
                                                                      1

 1                         UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,            :    12-CR-00134
 4
                    v.                    :    U.S. Courthouse
 5                                             Brooklyn, New York
     ADNAN HAUSA,                         :
 6                                             April 8, 2016
                    Defendant.            :    10:45 o'clock a.m.
 7
     - - - - - - - - - - - - - - - - - - X
 8

 9                         TRANSCRIPT OF CONFERENCE
                      BEFORE THE HONORABLE BRIAN M. COGAN
10                       UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   For the Government:              ROBERT L. CAPERS
13                                    United States Attorney
                                      By:  SHREVE ARIAIL
14                                         MELODY WELLS
                                           MATTHEW JACOBS
15                                    Assistant U.S. Attorneys
                                      225 Cadman Plaza East
16                                    Brooklyn, New York 11201

17   For the Defendant:               SUSAN KELLMAN, ESQ.
                                      JOHN DRATEL, ESQ.
18                                    DAVID STERN, ESQ.

19
     Court Reporter:                  Anthony M. Mancuso
20                                    225 Cadman Plaza East
                                      Brooklyn, New York 11201
21                                    (718) 613-2419

22

23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by CAT.
```

2

1  (Case called; both sides ready.)
2  MR. ARIAIL: Good morning, your Honor. Shreve
3  Ariail for the United States, with Melody Wells and Matthew
4  Jacobs.
5  MS. KELLMAN: Good morning, your Honor. Susan
6  Kellman, with David Stern and John Dratel. We are ready to
7  proceed.
8  THE COURT: Just for the record, I will note we got
9  the a call from the marshals this morning that Mr. Hausa was
10  again refusing to come to court and the marshals asked if I
11  wanted a forced and consistent with our prior discussions I
12  said no force order. I take it, therefore, that counsel is
13  waiving his appearance?
14  MS. KELLMAN: Yes, your Honor.
15  THE COURT: All right. So, we have to set a
16  schedule.
17  MR. ARIAIL: Yes, your Honor.
18  THE COURT: What's the bid and ask on the schedule?
19  MR. ARIAIL: I'm sorry.
20  THE COURT: What are the two sides' positions on the
21  schedule?
22  MR. ARIAIL: We spoke to defense counsel in advance.
23  They have indicated they needed some more time to review the
24  materials we recently disclosed to them and they had proposed
25  putting us out for about three or four weeks -- I think four

ANTHONY M. MANCUSO, CSR   OFFICIAL COURT REPORTER

1  weeks from their perspective -- to come back in to set a
2  scheduling order for the case.  I checked with your clerk
3  about availability for dates and it sounds like you're not
4  around in three or four weeks and we I think at this point
5  would be fine with a date in May as long as we have a date
6  certain by which we could propose a scheduling order to the
7  court to carry us through to the October trial date.  We're
8  just a little nervous at this point.  As we've indicated
9  before, there's a lot of stuff to do and we want to make sure
10 it's on the calendar and set.  I'm sure defense counsel has
11 perspectives on that.  That's where we are.
12             THE COURT:  Before I hear from defense counsel, let
13 me ask defense counsel:  Is there any are reason why we
14 couldn't have a date in May at which we would set the final
15 schedule leading up to the trial?
16             MS. KELLMAN:  I think the answer to that, your
17 Honor, is that having not had an opportunity to review the
18 material that is in the SCIF yet, depending on what we find in
19 there we don't know what if any additional actions are going
20 to be required in terms of investigation and the like.  So it
21 is hard to give the court an intelligent answer until we have
22 had a chance to see the materials that we can't talk about.
23             THE COURT:  When did you get the government's
24 production?
25             MS. KELLMAN:  Tuesday at three.

4

1 THE COURT: Well, let's do this then: Why don't we
2 target the date in May to be the date when we set the final
3 schedule. That means that the defendant really has to make a
4 good-faith effort to try to come up with a workable schedule
5 that will get us to the trial date. If there are extenuating
6 circumstances, I agree you can't know them now until you see
7 the material. You might say we have to take 20 trips to Saudi
8 Arabia and we can't do it by October. Something like that.
9 We don't know what's going to come up. Let's try not to have
10 something like that come up. Let's see if we can do it and
11 have definite dates by which each thing has to happen and
12 allow is to keep the current trial date. Any problem with
13 that?
14 MR. ARIAIL: I don't think -- conceptually, no, your
15 Honor. My concern is that we kind of keep slipping and I'm
16 just concerned that we need to make sure that we're really
17 moving towards this October trial date. We are preparing
18 ourselves to travel overseas on a number of trips to Italy, to
19 Nigeria, to various other locations. We've got witnesses,
20 like I said, all around the globe, and we really do need to
21 have a fixed date and I appreciate that getting into the SCIF
22 is sometimes complicated. The materials are not that
23 voluminous, as your Honor is aware, and I think we just need
24 to sort of put our nose down and go forward.
25 From our perspective, we're going to proceed with

filing various briefs and things that we think we can file. Today we're going to file a motion for an anonymous jury and we're just going to keep kind of moving forward with the goal of getting this all done by October, your Honor.

THE COURT: Yes. I think that's right. All I'm doing is I'm saying I can't lock the defendant into a position today because they just got the materials on Tuesday. But I wonder if we need to wait a whole month in order for the defendant to know what needs to be done between now and trial.

MR. STERN: Judge, I think what we would like to do is this: We are going to all meet today in the SCIF. We'll take the next few days to review the material, probably not the weekend. What we would like to do then is write you a letter ex parte telling you the things that we're going to make applications to you to do. We don't know yet what they are going to be. There may be a lot. There may not be a lot. So that you'll have an idea and the government won't have the same idea as you but will have some idea before the next date what we intend to do and how we intend to proceed.

THE COURT: Okay.

I think that's fine. I kind of like to meet on April 29 and to ask the defendant by that point to know what needs to be done. As the government points out, and you haven't appreciated this yet because you just got the materials, they are not all that voluminous and I think you'll

6

1  have to work hard in order to come up with a plausible
2  schedule.  But I think it's doable without making your lives
3  miserable.  So I think we ought to try for that.
4          MR. DRATEL:  Your Honor, I will be out of town in an
5  ABA conference that I attend on April 29.
6          THE COURT:  Do I need all three of you here, if you
7  have all a conferred before and agreed upon a schedule?
8          MR. DRATEL:  We'll work it out, your Honor.
9          THE COURT:  Okay.  Why don't we say 2:15 on April
10 29.
11         MR. ARIAIL:  That's a fine with the government, your
12 Honor.  And I would though, in terms of the ex-parte process,
13 encourage defense counsel to come to us at the outset and with
14 particular requests if they so have them, you know, to see
15 whether we can accommodate whatever they want before we get to
16 motion practice or anything like that.
17         THE COURT:  I very much encourage the parties to
18 talk about this and I think that needs to be done before I get
19 the ex-parte description of where you are going.
20         MR. STERN:  Assuming it doesn't reveal defense
21 strategy, we'll be glad to do that.
22         THE COURT:  There's some things you won't be able to
23 say.  There's some things you will.
24         I will exclude time based on case complexity until
25 the 29 of April.  Anything else we need to consider?

```
 1              MS. KELLMAN:  No, your Honor.
 2              MR. ARIAIL:  I would also say, your Honor, as we
 3   intend to file motions today --
 4              THE COURT:  Keep them coming.
 5              MR. ARIAIL:  That is another basis.
 6              THE COURT:  I'd rather have them now than a week
 7   before trial.
 8                          oooooo0oooooo
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```