```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
              - against -                                   :    EX PARTE ORDER
                                                            :
ADNAN IBRAHIM HARUN A HAUSA,                                :
aka Spin Ghul                                               :    12 Cr. 0134 (BMC)
aka Esbin Gol                                               :
aka Isbungoul                                               :
aka Abu Tamim                                               :
aka Joseph Johnson                                          :
aka Mortala Mohamed Adam,                                   :
                                                            :
                       Defendant.                           :
----------------------------------------------------------- X
```

Before me is defendant's *ex parte* motion for the appointment of three mental health experts to evaluate whether he is competent. We have had extensive proceedings and delays in this case to determine defendant's competence, including a delay at counsel's request to try to find a Middle-Eastern trained mental health professional to whom defendant might better relate. The findings of the mental health professionals and the Court to date, respectively, have been that defendant has twice been found competent under the applicable standards, and his obstructive conduct is deliberate and part of his strategy of escaping prosecution by refusing to acknowledge the authority of the Court or to participate in the proceedings in any way, even when force has been used to secure his attendance at a status conference after his repeated refusals to attend and disruption of the proceedings when he did attend.

Defense counsel's motion points out that defendant's obstructive behavior (my characterization, not theirs) has escalated of late and they therefore seek additional professionals to determine if the prior evaluations were wrong or are no longer correct. Of course, such

escalation is equally consistent with the possibility that defendant is becoming aware that his strategy has not succeeded and the Court has made it clear that this case is going to trial.

Nevertheless, despite the two prior findings of competence, the issue is sufficiently important that the Court will not deny defendant's motion. However, it should not take three professionals to make a determination. That is just too much. The Court will approve the appointment of the mental health professional of Middle-Eastern descent as he seems to fit the profile of the mental health professional that defense counsel was previously seeking. The Court will allow defense counsel to choose either of the other two mental health professionals as well. The hours requested for each will also be approved. Defense counsel is advised that such examination and evaluation will not delay the trial date which was recently adjourned at their request.

Defense counsel's motion was properly filed *ex parte* and under seal as it discussed particulars of defendant's mental health condition and the retention of experts under the Criminal Justice Act. However, the Court's preliminary view is that there is not a sufficient basis to keep this Order under seal. Nevertheless, the Court will file the Order under seal, access to defense counsel only, with the proviso that defense counsel has 72 hours to submit a letter, which may be filed under seal, stating why counsel believes that grounds exist for limiting access to this Order, if such grounds exist.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 6, 2016