UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                                              :
UNITED STATES OF AMERICA                              :
                                                                                              :
                      - against -                                      :     **MEMORANDUM DECISION**
                                                                                              :     **& ORDER**
ADNAN IBRAHIM HARUN A HAUSA,               :
aka Spin Ghul                                                           :
aka Esbin Gol                                                           :     12 Cr. 0134 (BMC)
aka Isbungoul                                                           :
aka Abu Tamim                                                        :
aka Joseph Johnson                                                :
aka Mortala Mohamed Adam,                             :
                                                                                              :
                                  Defendant.            :
----------------------------------------------------------------  X

        Before me is the Government's motion for an anonymous and partially sequestered jury in the trial of this matter.  The Government specifically requests (1) that the names, addresses, and workplaces of members of the venire and petit juries not be revealed; (2) that the jurors be kept together during recesses; and (3) that the jurors be escorted to and from the courthouse each day in a manner arranged by the U.S. Marshals Service.  The Government has proposed the use of a jury questionnaire as a means of limiting the prejudice posed to defendant by use of an anonymous jury.  Defendant has opposed the Government's anonymous jury request, but has indicated its willingness to use a jury questionnaire.  For the reasons set forth below, the Government's motion is granted in part.  The Government's motion is granted with respect to its request that the names, addresses, and other personal details of the venire and petit juries not be revealed.  It is denied with respect to the other items.

Defendant is charged with conspiracy to murder United States nationals, conspiracy to bomb a government facility, conspiracy to provide material support to al-Qaeda, providing and attempting to provide material support to al-Qaeda, use of firearms in connection with terrorist activities, and use of explosives in connection with terrorist activities. These charges stem from defendant's alleged membership in al-Qaeda from 2001 to 2011, specifically his role as a jihadist fighter in the Pakistan-Afghanistan region from 2001 to 2003, and his role as an al-Qaeda external operative in West Africa from 2003 to 2005. Defendant is alleged to have participated in an attack coordinated by al-Qaeda against a U.S. forward operating base in Afghanistan.

I have the power to empanel an anonymous jury if I find that there is a "strong reason to believe the jury needs protection," and if I take "reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." United States v. Kaziu, 559 F. App'x 32, 37 (2d Cir. 2014) (quoting United States v. Pica, 692 F.3d 79, 88 (2d Cir. 2012)). In determining whether there is a strong reason to believe the jury needs protection, courts in this circuit have evaluated several factors, including whether (1) the charges against the defendant are serious, (2) there is a substantial threat of corruption to the judicial process, and (3) considerable media coverage of the trial is anticipated. See United States v. Al Fawwaz, 57 F. Supp. 3d 307, 309 (S.D.N.Y. 2014). Although any one of these factors may not justify empaneling an anonymous jury, anonymity is appropriate when some combination of these factors is present. See United States v. Pugh, – F. Supp. 3d –, 2015 WL 8481877, at *2 (E.D.N.Y. Dec. 9, 2015) (citing United States v. Khan, 591 F. Supp. 2d 166, 169 (E.D.N.Y. 2008)).

Empaneling an anonymous jury presents the possibility of unfair prejudice to a defendant. Nevertheless, "the use of an anonymous jury does not infringe a defendant's constitutional rights, so long as the court conducts a careful *voir dire* designed to uncover any bias as to the issues or the defendant[] and takes care to give the jurors a plausible and nonprejudicial reason for not disclosing their identities." United States v. Aulicino, 44 F.3d 1102, 1116 (2d Cir. 1995).

After considering each of the relevant factors, I have concluded that the balance of the interests ultimately weighs in favor of empaneling an anonymous jury. Nevertheless, to protect defendant's rights, the *voir dire* to be conducted by the Court will include the use of a questionnaire and the jurors will be informed that an anonymous jury is being used to protect their privacy due to heightened media interest in the case.

Defendant argues that the charges levied against him are not serious enough to warrant an anonymous jury. I disagree. Courts evaluate defendants' dangerousness by assessing the seriousness of the charged crimes and whether defendants are charged with participating in a large-scale criminal enterprise. See United States v. Ashburn, No. 13 Cr. 303, 2014 WL 5800280, at *5 (E.D.N.Y. Nov. 7, 2014). Defendant is charged with extremely serious crimes. Although the mere invocation of the words "terrorism" or "al Qaeda" are insufficient alone to justify an anonymous jury, United States v. Mostafa, 7 F. Supp. 3d 334, 338 (S.D.N.Y. 2014), the specific charges in this case raise a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety." United States v. Stewart, 590 F.3d 93, 125 (2d Cir. 2008).

Generally, a court assessing whether a jury truly needs protection will consider whether the defendant has been charged with obstruction of justice or jury tampering. See United States

v. Vario, 943 F.2d 236 (2d Cir. 1991). Although defendant has not attempted to tamper with the judicial proceedings thus far, he also has not been accorded any opportunity to do so given his custody in solitary confinement.

Instead, defendant has demonstrated a profound lack of respect for the judicial proceedings, which itself is a consideration in determining whether an anonymous jury is appropriate. See Pugh, 2015 WL 8481877, at *5 (citing Ashburn, 2014 WL 5800280, at *8). In past Court appearances in this case, defendant has threatened to kill the prosecutors and Court personnel. He has also consistently disrupted Court proceedings by shouting obscenities and behaving aggressively. There has not been a single proceeding in which he has appeared that he has not disrupted. Defendant's demonstrated lack of respect for the judicial proceedings suggests a serious need to protect the jury.

If the jurors' identities are publicly available, they may experience fear of retaliation from defendant or his associates in al-Qaeda. Al-Qaeda remains an active terrorist organization still planning and conducting terrorist attacks around the globe. See, e.g., Con Couglin, Al-Qaeda 'Planning Major Terror Attack Against West' from Afghanistan, The Telegraph, May 22, 2016, http://www.telegraph.co.uk/news/2016/05/22/al-qaeda-planning-major-terror-attack-against-west-from-afghanis/. This fear could impact the jurors' abilities to adequately perform their duties and weighs in favor of an anonymous jury. See Stewart, 590 F.3d at 125.[1]

The final factor to consider is the considerable media coverage this trial is expected to generate. See Al Fawwaz, 57 F. Supp. 3d at 309. Major newspapers and television networks reported on the unsealing of the indictment in this case, and defendant's appearances in Court,

---

[1] Defendant's reliance on points to Mostafa, 7 F. Supp. 3d at 337 is misplaced. Mostafa had already been tried in the United Kingdom without an anonymous jury prior to his trial in the United States, and the crimes with which defendant is charged here are more serious.

4

although not frequent, have also garnered press reports. There is every indication that when this case goes to trial it will generate a substantial amount of publicity. Utilizing an anonymous jury will make potential jurors less concerned about their service if they are confident that they will not be exposed to media attention.

      The Government's request for additional safety enhancements, such as jurors being escorted to Court by the U.S. Marshals on a daily basis, is not warranted. If additional circumstances present themselves that show a heightened need for a protective escort, then I may revisit the issue. As of now, an anonymous jury will adequately protect the jurors and will not unduly prejudice defendant given the measures I will take to protect his rights.

**SO ORDERED.**

                                                                                                 _____

                                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       June 20, 2016