

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA:MW/JK
F. #2011R01313

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 14, 2016

By ECF and Hand Delivery

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ibrahim Suleiman Adnan Adam Harun
                Criminal Docket No. 12-134 (BMC)

Dear Judge Cogan:

      The government writes to respectfully request a status conference in the above-referenced matter. As the Court is aware, pre-trial motions in this case were originally due on October 24, 2016. See Docket Entry for October 5, 2016 Status Conference. Following a joint submission by the parties, the Court entered a scheduling order on October 17, 2016 extending deadlines for various pre-trial filings in this case, including expert notices. See Docket Entry No. 135. Pursuant to this Order, the government submitted its expert disclosures on October 31, 2016. See Docket Entry No. 137. The defendant's expert disclosures were due to be filed on November 8, 2016. Suppression motions and motions concerning the defendant's competency are due today, November 14, 2016. The parties' motions pursuant to Federal Rule of Evidence 702 are due on December 1, 2016.

      The defendant did not make any expert disclosures on November 8, 2016. On November 10, 2016, defense counsel responded by email to a request from the government about the defendant's expert disclosures, and stated that they intend to call the following proposed experts at trial: (1) a competency expert, (2) David Frakt, as an expert in the Law of Armed Conflict, and (3) an expert in the history of Afghanistan, whose testimony will be responsive to the testimony of the government's expert witness, Evan Kolhmann. A curriculum vita for David Frakt was provided to the government by email on November 14, 2016. The defense has not provided the name of their proposed competency expert or their proposed expert in the history of Afghanistan. They also have not provided a summary of any of these witnesses' opinions, the bases and reasons for those opinions or the witnesses' qualifications. See Fed. R. Crim. P. 16(b)(1)(C).

Today, by email, defense counsel requested that the government consent to a one-week extension of the deadline to file their suppression motion. Based on the pre-trial litigation to date, including the defendant's filings pursuant to CIPA Section 5, the government's motion and response pursuant to CIPA Sections 5 and 6 that will be filed today, representations by defense counsel that they intend to file a suppression motion and a competency motion and the possibility that the parties will file motions pursuant to Federal Rule of Evidence 702, the government expects the volume of pre-trial litigation to be significant, and that one or more evidentiary hearings may be necessary to resolve these issues.

In an effort to avoid unnecessary delay in this case, the government respectfully requests that the Court schedule a status conference <u>tomorrow</u>, or at the earliest available date, to discuss the defendant's failure to make timely expert witness disclosures and his request to extend the deadline to file his suppression motion.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:     /s/
        Shreve Ariail
        Melody Wells
        Matthew Jacobs
        Assistant U.S. Attorneys
        (718) 254-7000

        Joseph N. Kaster
        Trial Attorney,
        Counterterrorism Section,
        National Security Division