# Law Offices of Susan G. Kellman

25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

November 17, 2016

**VIA HAND DELIVERY**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

                    Re:     *United States v. Adnan Ibrahim Harun Hausa*
                              12 Cr. 134 (BMC)

Dear Judge Cogan,

      I write pursuant to the Court's direction that the defense provide the government within 48 hours of our most recent status conference with Expert Notice as required by Fed. R. of Crim. Proc.16(b)(1)(C), with regard to Lt. Col. David Frakt, Esq., (USAF) whose area of expertise is the Law of Armed Conflict ("LOAC").

      At this time, it is not possible to provide the government with Lt. Col. Frakt's expert opinion – preliminary or otherwise – since Lt. Col. Frakt has not yet received clearance from the Department of Justice and thus, we have been unable to share many of the materials from upon which Lt. Col. Frakt would necessarily rely in order to render an opinion. The government's complaint to the Court regarding the defense's failure to comply with the expert disclosure schedule is a calculated attempt to obstruct the defense, with the hope of ultimately seeking the preclusion of this potentially critical witness. It is respectfully submitted that the responsibility for this delay falls squarely on the shoulders of the government. This morning, Lt. Col. Frakt provided the counsel with the following information:

1. He received "Top Secret" clearance – in 1994 from the Department of Defense ("DoD") – which clearance is regularly updated;
2. The Department of Justice ("DoJ") does not credit clearance by DoD;
3. DoJ provided Lt. Col. Frakt with the necessary paperwork in late September, 2016 and it was completed by Lt. Col. Frakt and returned to DoJ on October 4, 2016; thereafter Lt. Col. Frakt was provided with fingerprint cards which were returned in a timely fashion;
4. November 2, 2016, *a month after he completed the application process*, Lt. Col. Frakt was interviewed by DoJ; and,

5. Lt. Col. Frakt has had no follow up requests by DoJ and has not yet been notified that he has received the clearance necessary for him to review the materials necessary for him to render an expert opinion in this case.
6. To date, the only material that Lt. Col. Frakt has been permitted to review is the indictment – and from this alone he is unable to provided counsel with any opinion – preliminary or otherwise.[1]

For all of these reasons, we are not currently in a position to provide expert notice pursuant to Rule 702 with regard to Lt. Col. Frakt's opinion, but are confident that we can do so within 30 days of the time that he receives the clearance necessary for him to participate in a meaningful way with the defense efforts to defend this case.  Since November 2, 2016, the ball has been in the government's court – and it is unreasonable to expect the defense to return serve if we cannot get the ball on our side of the court – which is, we submit, the gravamen of the government's complaint.

Respectfully submitted,

/s/

Susan G. Kellman

cc:   All counsel
      Via ECF and Email

---

[1] I am attaching a copy of Mr. Frakt's CV, which will give the Court and the government a sense of the areas in which we expect to seek Mr. Frakt's expert opinion; to wit, the Laws of Armed Conflict.  Indeed, the government's motion *in limine*, at POINT II, which seeks to preclude the defense of combatant immunity, demonstrates that the government is fully familiar (perhaps from its earlier intrusion into the confidentiality of the defense preparation with respect to experts, prior to the insertion of a firewall Assistant. United States Attorney) with the subject matter of Lt. Col.. Frakt's expertise and projected opinions and testimony, and that Rule 16 Notice is simply a formality.