# LAW OFFICES OF SUSAN G. KELLMAN

25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718)783-8200 • FAX (718)783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

December 14, 2016

**VIA ECF and EMAIL**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *U.S. v. Harun*
12 Cr. 134 (BMC)

Dear Judge Cogan:

This letter is sent for the dual purpose of giving expert notice regarding the testimony of Lt. Col. David Frakt, and in response to the government's motion to preclude Harun's defense of "combatant immunity".

EXPERT NOTICE

Together with David Stern and Joshua Dratel, we write to provide the Court and the government with notice that the defense intends to call Lt. Col. David Frakt, in support of our defense of certain of the charges in the indictment related to his area of expertise – specifically, the "Law of Armed Conflict" ("LOAC").

Lt. Col. Frakt will testify that with respect to Count Two of the indictment, the alleged conspiracy to bomb a U.S. government facility, that the defendant's activities, as well as those of his unnamed co-conspirators, were, at the times and places alleged in the indictment, "activities of armed forces during an armed conflict," as those terms are understood under the law of war, and therefore exempt from prosecution pursuant to 18 U.S.C. §2332(d). Specifically, Frakt will testify that al-Qaeda, of which Harun is alleged to be a member, was an armed force during the relevant period; that the United States was engaged in an armed conflict with al-Qaeda during the relevant period; and that the law of war applies to the activities of al-Qaeda forces in this armed conflict generally and to the defendant's alleged activities specifically. Lt. Col. Frakt will testify that the evidence, as we anticipate it to be presented by the government, supports this statutory

jurisdictional exemption, even if the government's evidence is believed in its entirety by the finder of fact.  A copy of Lt. Col. Frakt's CV is attached.

<u>GOVERNMENT'S MOTION TO PRECLUDE</u>

On November 19, 2016, the government moved to preclude the defendant from offering the testimony of David Frakt on two grounds: (1) defendant's entitlement to assert a defense of "combatant immunity" under the Geneva Convention; and (2) validity of calling a lawyer as an expert witness.

Lt. Col. Frakt's opinion is in agreement with the government's stated observation in its motion to preclude – that is, he does not believe that "combatant immunity" would be applicable to the defendant because he does not qualify for this immunity under the law of war for the acts alleged in the indictment, even though he does qualify for the specific statutory exemption from jurisdiction enumerated in 18 U.S.C. §2332(d).

Accordingly, Lt. Col. Frakt will not testify that the defendant is entitled to assert the defense of "combatant immunity," thus mooting the government's motion to preclude. However, his testimony is relevant and admissible under FRE 702 to establish the existence of the statutory jurisdictional exemption as his specialized knowledge, education, training and experience with respect to the law of war will aid the trier of fact to understand the evidence and to determine one or more facts in issue. Furthermore, there are ample precedents of attorneys who are experts on the law of war testifying in criminal trials in which the law of war is in issue. *See, e.g. U.S. v. Hamidullin* (E.D.Va 2015)

Respectfully submitted,

*/s/*

Susan G. Kellman

cc:    All Counsel
       Via ECF and EMAIL