# LAW OFFICES OF SUSAN G. KELLMAN

25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718)783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

January 9, 2017

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Ibrahim Harun Hausa*
        12 Cr. 134 (BMC)

Dear Judge Cogan:

In its December 28, 2016 Motion to Preclude the expert testimony of Lt. Col. David Frakt, the Government has raised a number of arguments. Several of these arguments are confusing and contradictory. In this memo, we expect to provide the Court with clarity regarding the issues surrounding the defense expert. As set forth below, the government's arguments are without merit and its Motion to Preclude should be denied.

## I.   The Adequacy of the Expert Notice Under Rule 16(b)(1)(C)

The government argues that the Defense Expert Notice is deficient and fails to comply with Fed. R. Crim P. 16(b)(1)(C). The Rule requires only a summary of the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications, each of which was adequately provided in the defense notice. Nevertheless, herein we expand on that initial notice where appropriate.

### A.   The Expert's Opinions

The defendant's notice provided an adequate summary of the witness's opinions. As stated in that notice:

> Lt. Col. Frakt will testify that with respect to Count Two of the indictment, the alleged conspiracy to bomb a U.S. government facility, that the defendant's activities, as well as those of his unnamed co-conspirators, were, at the times and places alleged in the indictment, "activities of armed forces during an armed conflict," as those terms are understood under the law of war, and therefore exempt from prosecution pursuant to 18 U.S.C. §2332(d). Specifically, Frakt will testify that al-Qaeda, of which Harun is

alleged to be a member, was an armed force during the relevant period; that the United States was engaged in an armed conflict with al-Qaeda during the relevant period; and that the law of war applies to the activities of al-Qaeda forces in this armed conflict generally and to the defendant's alleged activities specifically. Lt. Col. Frakt will testify that the evidence, as we anticipate it to be presented by the government, supports this statutory jurisdictional exemption, even if the government's evidence is believed in its entirety by the finder of fact.

Because the finder of fact does not have an understanding of the law of war, testimony as to how these terms "are understood under the law of war" from an expert in the law of war is needed to inform the trier of fact.  Also, to the extent that there may be any doubt as to whether the particular activities in question are "governed by" the law of war, an expert in the law of war such as Lt. Col. Frakt can provide the trier of fact with that clarity.   If the government can find a credible expert on the law of war with a contrary opinion, a possibility the defense considers unlikely, the government would be entitled to present that testimony to rebut Lt. Col. Frakt's opinion.  Moreover, it would be precipitous and a denial of Mr. Harun's his Fifth Amendment right to present a defense, to foreclose presentation of Harun's defense before the jury gets to hear a single fact or view a single exhibit adduced at trial, pursuant to 18 U.S.C. §3500.  *U.S. v. Booker*, 543 U.S. 220. (2005) (all elements of an offense must be found by a jury beyond a reasonable doubt).

If the defense fails to elicit or present facts sufficient to warrant expert testimony as part of the defense case, or subsequently to merit submission to the jury, preclusion of Lt. Col. Frakt's testimony (and/or an instruction to the jury regarding the defense) may be an appropriate remedy *at that point*.  However, the government's motion to preclude Harun's expert witness is premature, and violative of Harun's Fifth Amendment.

Like any defense, the applicability of §2332(d) depends on the *facts* – which the government simply presumes in its favor, before a jury is even selected.  Yet the contest over facts is why trials occur, and it is the jury that acts as the factfinder.  Absent the factual record created at trial, the viability of the defense embodied in §2332(d) cannot, and should not, be determined.

Moreover, the government's proposed remedy – preclusion – is not the proper or traditional solution for an expert notice that does not meet the criteria prescribed in Rule 16 (b)(1)(C). Rather, the Courts have taken a more measured approach where inadequate notice is alleged; to wit, to order more detailed notice.  For example, in *United States v. Tin Yat Chin*, 476 F.3d 144 (2d Cir. 2007), the Second Circuit concluded that a brief adjournment resolved any problem with arguably late expert notice:  "the Government's nondisclosure, though regrettable, did not rise to a due process violation"

because the Court granted the defendant a one-day continuance.  *Id.*, at 146.  *See also id*. ("although overruling [the defendant']s objection to the Government's calling [an expert witness] on rebuttal, [the Court] then gave defense counsel what he needed: time to prepare to cross-examine").  *See also United States v. Douglas*, 336 F. App'x 11, 13–14 (2d Cir. 2009) ("[t]he district court, however, averted the possibility of a due process violation by giving defense counsel additional time to review the 2006 study and to prepare for the cross-examination of [the government's expert]").

Here, two months before trial, preclusion would be an unnecessarily drastic option that would defy Second Circuit precedent, and strip Mr. Harun of his constitutional right to present a defense.

B.  **The Expert's Qualifications**

We have previously provided the witness's qualifications in the form of his Curriculum Vitae (CV). Lt. Col. Frakt is clearly qualified as an expert on the law of war. The government's attempt to contest Lt. Col. Frakt's qualifications -- referring to him as "an attorney in private practice" – is as laughable as it is disingenuous.    Lt. Col. Frakt has 22 years of active and reserve practice as a judge advocate in the Armed Forces, and a decade as a legal scholar focused on legal issues in the ongoing armed conflict with Al Qaeda.

Also, Lt. Col. Frakt graduated *summa cum laude* from the University of California, Irvine with a B.A. in History in 1990.  He graduated *cum laude* from Harvard Law School in 1994.  He has also had extensive professional military education in the Air Force, including Squadron Officer's School (*Distinguished Graduate*), Air Command and Staff College and Air War College (*Excellent Graduate*).

After law school, he clerked for the Hon. Monroe G. McKay, former Chief Judge of the U.S. Court of Appeals for the Tenth Circuit.  During his one-year clerkship, he was commissioned as a First Lieutenant in the U.S. Air Force on December 30, 1994.  At the conclusion of his clerkship, he entered active duty in September 1995 as an Air Force Judge Advocate, or JAG. He served on active duty in the JAG Corps until April 2005, with assignments in Germany, Utah, Hawaii and Louisiana.  While on active duty, he had two primary areas of practice: criminal law (both as a military prosecutor, military defense counsel, and Special Assistant U.S. Attorney) and international and operational law, which encompasses the law of armed conflict (LOAC), also known as the "law of war". He has received extensive formal training and on-the-job training in LOAC, including courses in the law of war at the Army Judge Advocate General's School and the Air Force Judge Advocate General's School.  He has also developed and taught classes in the law of war for other military lawyers, including the inaugural Pacific Air Forces Joint Operations Law Training (JOLT) in Hawaii in 2002.

In 2005, Lt. Col. Frakt was honorably discharged and transitioned off of active duty into the Air Force Reserves, and started a second career as a law professor. His teaching and scholarship focused on the areas in which he had specialized in the military, namely criminal law and international law.  He taught full-time as a law professor for seven years at three different law schools, most recently as a Visiting Professor at the University of Pittsburgh School of Law in 2012-13. He has taught courses in criminal law, criminal procedure, military law, the law of war, and war crimes, among other subjects.  In 2008, while serving an active duty deployment, he developed and taught a course entitled: "Terrorism as a War Crime: Military Commissions and Alternative Approaches" as an adjunct professor at Georgetown Law School.  The course was offered both to Georgetown J.D. students and students pursuing an advanced law degree (LL.M.) in National Security Law.

From April 2005 to the present, he has been an active Reserve JAG Officer, averaging over 140 days per year of military service, including numerous extended active duty tours and a deployment.  From April 2008-August 2009, he was voluntarily recalled to active duty to serve as a military defense counsel with the Office of Military Commissions, Office of the Chief Defense Counsel. During this period, he served as lead defense counsel in two military commission cases at Guantanamo, including one of only two cases to ever go to trial at Guantanamo.  In the other case, he was involved in extensive pretrial litigation which ultimately resulted in all charges being dismissed. Both cases required extensive analysis of LOAC issues.  He has won a variety of military awards and decorations, including the Air Force Meritorious Service Medal with four oak leaf clusters, the Joint Service Commendation Medal and a Global War on Terrorism Expeditionary Service Medal.

Lt. Col. Frakt has an extensive record of publications, including multiple book chapters and over a dozen law review articles, including in the Harvard Human Rights Journal, the Duke Law Journal, the University of Pittsburgh Law Journal, Case Western Reserve Journal of International Law, and the American Journal of Criminal Law.  Many of these articles concern issues surrounding the armed conflict between the United States and Al Qaeda and associated forces.

Although Lt. Col. Frakt has not testified as an expert on LOAC in federal court, his expertise has been recognized in other ways.  In 2009, he was invited to testify before Congress on proposed reforms to the Military Commissions Act.[1] His testimony included a discussion of the law of war offenses potentially subject to trial by military commissions.  He was also appointed to be an expert consultant on legal issues

---

[1] *See*, Testimony of Major David J. R. Frakt before the Constitution, Civil Rights, and Civil Liberties Subcommittee of the House Judiciary Committee, Hearing on Proposals for Reform of the Military Commissions System, Fed. News Service, July 30, 2009, available at: http://judiciary.house.gov/hearings/pdf/Frakt090730.pdf

surrounding Guantanamo detainees and the military commissions by the Organization for Security and Cooperation in Europe, Office of Democratic Institution and Human Rights (OSCE-ODIHR).  In this capacity, he prepared multiple expert reports, and provided training, including LOAC and war crimes, to OSCE-ODIHR attorneys and human rights experts at their headquarters in Warsaw, Poland. He has also given guest lectures at numerous law schools and other venues about LOAC, terrorism, military commissions, Guantanamo and related subjects, including at Harvard, Stanford, NYU, Duke, UCLA, Seton Hall, American, and Case Western Reserve law schools, the Wharton School of Business, and the Clinton School of Public Service at the Clinton Presidential Center.  He has also been invited twice to Canada to speak on these subjects.  He has frequently been asked to comment in the media about LOAC, terrorism, war crimes, and related subjects, including on NPR, CNN, BBC, MSNBC and NBC, and in the New York Times, Wall Street Journal, Washington Post, USA Today and other leading publications. In 2010, he was invited to appear as an expert on enemy combatants on the Intelligence Squared debate series, broadcast on Bloomberg News, opposite former CIA and NSA Director General Michael Hayden.

## C.  Adequacy of the Defendant's Expert Notice

 Regarding whether the United States was in an armed conflict with Al Qaeda during the relevant timeframe (the charged period), whether Al Qaeda is an armed force, and whether the law of armed conflict applies to the activities of Al Qaeda, the factual basis for Lt. Col. Frakt's expert opinion is found, in part, in the following documents, which represent the official policies and views of the United States Government on these issues and/or are considered to be learned treatises in the area of the law of war:

Authorization for Use of Military Force, Pub. L. No. 107-40, §(2(a), 115 Stat. 224, (2001)

Harold Hongju Koh, Legal Adviser, Department of State,  Address at the Annual Meeting of the American Society of International Law: The Obama Administration and International Law, Mar. 25, 2010, 2010 DIGEST OF UNITED STATES PRACTICE IN INTERNATIONAL LAW 749

David J. Barron, Acting Assistant Attorney General, Office of Legal Counsel, U.S. Department of Justice, to the Attorney General, *Applicability of Federal Criminal Laws and the Constitution to Contemplated Lethal Operations Against Shaykh Anwar al-Aulaqi* (July 16, 2010)

Report on the Legal and Policy Frameworks Guiding the United States' Use of Military Force and Related National Security Operations, White House, December 2016

Jack L. Goldsmith III, Assistant Attorney General, "Protected Person" Status in Occupied Iraq Under the Fourth Geneva Convention , Mar. 18, 2004, 28 OPINIONS OF THE OFFICE OF LEGAL COUNSEL 35

Respondents' Memorandum Regarding the Government's Detention Authority Relative to the Detainees Held at Guantanamo Bay, *In re Guantanamo Bay Detainee Litigation*, No. 08-442 (D.D.C. March 13, 2009).

U.S. DoD Law of War Manual June 2015 (update May 2016) (Office of General Counsel, Department of Defense)

Lt. Col. Frakt's reliance on these documents establish that Lt. Col. Frakt's opinions are well-grounded and reliable, and easily satisfies Rule 16.  His methodology is to research the most relevant sources, based on his familiarity with the subject matter, and to draw support for his conclusions therefrom.  Contrary to the unsupported assertions of the government, his opinions are not "novel"; rather, they are entirely consonant with the official authoritative views of the President, the Justice Department, the State Department and the Department of Defense.

## II.  Lawyers as Expert Witnesses

The government also suggests that lawyers cannot testify as experts.  While, as a general matter, with some exceptions, lawyers are not permitted to testify in U.S. courts on matters of domestic law, that limitation does not apply with regard to international law, of which the law of armed conflict is a part.  Federal courts frequently admit expert testimony with respect to international law.

Indeed, lawyers have testified as experts on the law of war in numerous federal cases, including criminal cases.  In addition, lawyers have testified as experts on the law of war in several military commissions, courts-martial, and even international war crimes tribunals, where the judges themselves are experts in international law.  A small sampling of cases in which lawyers have testified as experts on the law of war includes: *U.S. v. Hamidullin,* 114 F. Supp. 3d 365 (E.D. Va. 2015) (Government Expert W. Hays Parks and Defense Expert Jordan Paust);  *U.S. v. David Hicks* (U.S. Military Commission, Guantanamo Bay, Cuba), (expert Michael S. Schmitt); *U.S. v. Salim Hamdan* (U.S Military Commission, Guantanamo Bay, Cuba) (expert Geoffrey Corn); *U.S. v. Mohammed Jawad* (U.S Military Commission, Guantanamo Bay, Cuba) (expert Madeline Morris); *U.S. v. Boskovic* (U.S. Dist Ct. Oregon) (Geoffrey Corn); *Prosecutor v. Gotovina*, ICTY (Geoffrey Corn); *U.S. v. Maynulet,* 68 M.J. 374 (2009) (Court-Martial) (Geoffrey Corn); *Boumediene*

*v. Bush* (U.S. Dist Ct, D.C.)(Civil Action No. 04-CV-1166) (expert Gary Solis).[2]  Thus, the Government's assertion that Lt. Col. Frakt's testimony is inadmissible is refuted by contrary  and well-established precedent.


**CONCLUSION**

Critical to your Honor's determination – and what the government fails to acknowledge – is that the questions presented by this statutory exemption requires a number of factual determinations which can only be made by the trier of the fact. The Court cannot rule on the viability of Harun's defense without hearing the factual basis for its assertion. The government concedes, as it must, that this defense has never been summarily dismissed by a federal court – not pretrial and not at the close of the government's case.

And it is perfectly permissible under the Federal Rules of Evidence to offer expert testimony on the law of war as it applies to §2332(d).   Accordingly, it is respectfully submitted that the government's motion to preclude this relevant and admissible testimony must be denied.

Respectfully submitted,


_____/s/_____
Susan G. Kellman
Joshua Dratel
David S. Stern
*Attorneys for Defendant*
Ibrahim Harun Hausa


cc:     All Counsel
        Via ECF and email

---

[2] Professor Gary Solis has also testified on the laws of war in several courts-martial and at military commissions hearings at Guantanamo Bay. See, https://cilc.law.ucdavis.edu/?page_id=1245