```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                - against -                                 :    MEMORANDUM
                                                            :    DECISION AND ORDER
ADNAN IBRAHIM HARUN A HAUSA,                                :
a.k.a. Spin Ghul                                            :
a.k.a. Esbin Gol                                            :    12 Cr. 0134 (BMC)
a.k.a. Isbungoul                                            :
a.k.a. Abu Tamim                                            :
a.k.a. Joseph Johnson                                       :
a.k.a. Mortala Mohamed Adam,                                :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is the Government's motion to preclude Lt. Col. David Frakt from testifying as an expert witness on behalf of defendant because (1) the proffered testimony includes legal conclusions on a question of statutory interpretation and (2) defendant has failed to comply with the requirements in Federal Rule of Criminal Procedure 16 with respect to proper disclosures related to Lt. Col. Frakt. For the following reasons, the Government's motion is granted.

Defendant filed his expert notice regarding Lt. Col. Frakt, stating that he expects Lt. Col. Frakt to testify that, with respect to Count Two of the Indictment charging conspiracy to bomb a United States government facility, see 18 U.S.C. § 2332f(a), the defendant's activities and those of his unnamed co-conspirators are exempt from prosecution pursuant to the statutory exemption in 18 U.S.C. § 2332f(d)(1), which precludes prosecution for "activities of armed forces during an armed conflict, as those terms are understood under the law of war, which are governed by that law." Specifically, defendant stated that Lt. Col. Frakt will testify that (1) al Qaeda was an

armed force during the relevant period; (2) the United States was engaged in an armed conflict with al Qaeda during the relevant period; and (3) the law of war applies to the activities of al Qaeda forces in the armed conflict and specifically to defendant. Under defendant's theory, this statutory exemption applies to defendant even if the jury believes all of the evidence the Government seeks to adduce at trial.

The Government moved to strike this proffered testimony as both an attempt to invoke the lawful combatant immunity defense, which Lt. Col. Frakt already advised, and the Court also found, was inapplicable to defendant's situation, see ECF No. 185,[1] and an impermissible strategy to elicit attorney testimony about a conclusion of law. The Government is right. Determining the applicability of the 18 U.S.C. § 2332f(d)(1) prosecutorial exemption requires the legal interpretation or definition of certain key phrases in the subsection itself, and that is for the Court, not an attorney expert on the law of war, to determine.

As an initial matter, I have already ruled that al Qaeda does not adhere to the law of war. See ECF No. 185. Lawful combatants adhere to and are governed by the "law of war," whereas militants in terrorist groups like al Qaeda do not.[2] Not only does my ruling conflict with a

---

[1] The lawful combatant immunity defense forbids the "prosecution of soldiers for their lawful belligerent acts committed during the course of armed conflicts against legitimate military targets." United States v. Hamidullin, 114 F. Supp. 3d 365, 380 (E.D. Va. 2015). For the lawful combatant immunity defense to apply, an organization engaged in an international armed conflict (1) must be "commanded by a person responsible for his subordinates;" (2) must have its members wear "a fixed distinctive emblem or uniform recognizable at a distance;" (3) must "carry[] arms openly;" and (4) must have its members "conduct[] their operations in accordance with the laws and customs of war." Geneva Convention Relative to the Treatment of Prisoners of War art. 4(A)(2), 6 U.S.T. 3316, 75 U.N.T.S. 135 (U.S. Treaty 1956). As I found previously, none of these factors can even be arguably alleged of al Qaeda, which has no leader responsible for its fighters, wears no recognizable uniform or emblem, does not carry its arms openly, and disregards the laws and customs of war; therefore, defendant is ineligible to claim immunity as a lawful combatant.

[2] It is also a question of law for the Court to determine whether and to what extent the lawful combatant immunity doctrine is mirrored in, or interchangeable with, the exemption in 18 U.S.C. § 2332f(d)(1). Such an inquiry would raise statutory interpretation questions, including what the congressional intent was behind the exemption, which would require an analysis into the legislative history. The Government also raises a valid argument in pointing out that under defendant's construction of the exemption, Congress would effectively have created a safe harbor whereby al Qaeda terrorists, who are not entitled to combatant immunity, escape criminal prosecution under § 2332f(a) by claiming that they are members of "armed forces" engaged in "armed conflict" under § 2332f(d)(1).

fundamental underpinning of Lt. Col. Frakt's proffered testimony, but also it exemplifies the Court's role in interpreting the law and instructing the jury on the applicable law.

This leads me to my next point: Expert testimony is not permitted "if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." United States v. Lumpkin, 192 F.3d 280, 289 (2d Cir. 1999) (internal quotation marks omitted). The proffered testimony would usurp both roles. First, any attempt by Lt. Col. Frakt to define "activities of armed forces" and "armed conflict," the latter of which has statutory exclusions itself, see 18 U.S.C. § 2332f(e)(11), would usurp the Court's role in defining the operative legal terms and instructing the jury on those terms.

Second, even assuming *arguendo* that Lt. Col. Frakt could define the terms in § 2332f(d)(1), he cannot testify that the exemption applies to the facts of the case because to do so would be to impermissibly testify as to the conclusion that the jury must reach. "When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994). If a court permits an expert to testify in such a way, then the expert has acted "outside of his limited role of providing the groundwork . . . to enable the jury to make its own informed determination." Id. Accordingly, "[i]n evaluating the admissibility of expert testimony, [the Second Circuit] requires the exclusion of testimony which states a legal conclusion." Id.

If Lt. Col. Frakt sought to give relevant testimony regarding, for example, the history of the law of war and how it developed, that might be permissible testimony, but he may not interpret legal terms and then apply them. Accordingly, the Government's motion to preclude

---

It is doubtful that Congress would have created such a safe harbor, but divining the intent of Congress would not be a proper subject for testimony by an expert, whereas statutory interpretation is a proper task for the Court.

this testimony is granted. Lt. Col. Frakt may not opine on the statutory terms in 18 U.S.C. § 2332f, nor may he opine about their applicability to the instant case. To do so would be to go outside the boundaries of his role as an expert witness.

Because the substance of Lt. Col. Frakt's testimony, as set forth in the Rule 16 disclosure and as described in opposition to the Government's motion, is inadmissible and because defendant has given no further indication of any testimony that Lt. Col. Frakt might offer, the Court need not rule on the adequacy of the disclosure.

The Government's motion to preclude the testimony proffered by Lt. Col. Frakt is granted.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 24, 2017