```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                - against -                                 :   ORDER
                                                            :
ADNAN IBRAHIM HARUN A HAUSA,                                :
a.k.a. Spin Ghul                                            :   12 Cr. 0134 (BMC)
a.k.a. Esbin Gol                                            :
a.k.a. Isbungoul                                            :
a.k.a. Abu Tamim                                            :
a.k.a. Joseph Johnson                                       :
a.k.a. Mortala Mohamed Adam,                                :
                                                            :
                        Defendant.                          :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

1. Defendant has moved to preclude the testimony of Evan Kohlmann as an expert witness for failure to meet the requirements under Federal Rule of Evidence 702 and the standard for expert testimony articulated in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). The Government has opposed defendant's motion. Because Mr. Kohlmann's expert report did not reference let alone explain his methodology, and because the Government's memorandum in opposition simply relied on the fact that Mr. Kohlmann has previously been admitted as an expert, I held a <u>Daubert</u> hearing on February 3, 2017 and February 6, 2017.

2. Having conducted a hearing, in which I received testimony from Mr. Kohlmann, I find that the Government has shown, by a preponderance of the evidence, that Mr. Kohlmann and his opinions reached in this case satisfy the requirements for expert testimony. Mr. Kohlmann will be permitted to testify as to the following topics: (1) the history of al Qaeda; (2) al Qaeda's infrastructure, leadership, and geographic locations during the time period outlined in

the indictment; (3) the location and operation of certain al Qaeda training camps; (4) terrorist attacks carried out by al Qaeda; (4) the background and the significance of certain individual terrorists and regional al Qaeda affiliates operating in Nigeria, Niger, Libya, and the Sahel desert region of Africa; and (5) the common meaning and usage of words and concepts used by members of the global jihadist movement. Defendant's motion to preclude the expert testimony of Mr. Kohlmann is therefore denied.[1]

3.  Mr. Kohlmann possesses sufficient education, training, and experience to testify as an expert on the topics outlined above. Mr. Kohlmann's credentials include, among others, an undergraduate degree in international politics from Georgetown University, a certificate in Islamic studies from the Prince Alwaleed bin Talal Center for Muslim-Christian Understanding at Georgetown University, work as a terrorism consultant for various government agencies and private entities, and the authorship of various academic papers as well as a book on al Qaeda. Defendant's argument that Mr. Kohlmann is unqualified to testify on these topics because he does not speak any languages that are spoken in the Middle East or Africa and because he has never visited Afghanistan or Nigeria go to weight, not to admissibility.

4.  Mr. Kohlmann's testimony will help the jury to understand other evidence in the case. His testimony will place other testimony and documentary evidence in context, explain obscure terms and concepts and the role of specific al Qaeda leaders referenced by other Government witnesses and in defendant's prior statements, and enable the jury to better assess the significance of other evidence. Indeed, Mr. Kohlmann's expected testimony on al Qaeda is very similar to expert testimony on the operation, structure, membership, and terminology of crime families or organized crime enterprises that is often given in organized crime cases, which

---

[1] As stated in my 1/31/2017 Order, I will issue a separate order ruling on the issues raised in defendant's classified addendum to his motion to preclude Mr. Kohlmann.

the Second Circuit has repeatedly approved. See, e.g., United States v. Matera, 489 F.3d 115, 121-22 (2d Cir. 2007); United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993).

5. Mr. Kohlmann has demonstrated that he has relied on sufficient facts and data in forming his opinions in this case. He has reviewed thousands of primary, secondary, and tertiary sources on al Qaeda and terrorism in general, which include open source documents as well as propaganda and other materials from what Mr. Kohlmann has identified as the "deep and dark web," and has continuing efforts to collect, analyze, and catalogue relevant terrorism and al Qaeda materials. Mr. Kohlmann further testified that other terrorism experts rely on similar facts and data in forming their opinions. Mr. Kohlmann has also relied on his prior training, education, and experience, including the several interviews he previously conducted of individuals affiliated with al Qaeda and other jihadist groups.

6. I reject defendant's argument that Mr. Kohlmann's reliance on hearsay statements, testimonial statements, and terrorist propaganda is improper and violates defendant's Confrontation Clause rights. At the Daubert hearing, Mr. Kohlmann testified that other terrorism experts rely on hearsay statements and similar forms of terrorist propaganda in forming their opinions, and thus Mr. Kohlmann's reliance on such materials is proper under Federal Rule of Evidence 703. See United States v. Locascio, 6 F.3d 924, 938 (2d Cir. 1993) (holding that "expert witnesses can testify based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions."); United States v. Daly, 842 F.2d 1380, 1387-88 (2d Cir. 1988) ("[I]f experts in the field reasonably rely on hearsay in forming their opinions and drawing their inferences, the expert witness may properly testify to his opinions and inferences based upon such hearsay."). Mr. Kohlmann's testimony does not violate defendant's Confrontation Clause rights because none of the hearsay statements upon

which Mr. Kohlmann relied will be presented to the jury for the truth of what they assert. Rather, specific hearsay statements, which are otherwise inadmissible, may be disclosed to the jury if their probative value in helping the jury evaluate Mr. Kohlmann's opinion substantially outweighs their prejudicial effect. See Fed. R. Evid. 703. Upon request by defendant as to any specific hearsay statement, I will advise the jury that it must not assume that statement to be true, but may consider it only to determine if the opinion that Mr. Kohlmann offers is sound. This is standard practice with regard to experts who must rely on non-observational evidence in reaching their opinions. Obviously, Mr. Kohlmann will not be allowed to become a mere conduit for hearsay, but I see no difficulty in his basing his opinions, in part, on hearsay.

7. The Government has established that in forming his opinions in this case, Mr. Kohlmann used and applied a reliable methodology, namely the comparative analysis method, which Mr. Kohlmann testified is generally accepted in the international terrorism field. At the hearing, Mr. Kohlmann explained his methodology, stating that he gathers multiple sources of information, including primary, secondary, and tertiary sources, analyzes whether a particular source has a perceived bias, and juxtaposes and cross-checks the various sources against one another to form a commonly accepted narrative. Mr. Kohlmann testified that he had used this methodology in forming conclusions in prior academic papers and articles, and that such papers and articles were subject to peer review and he did not receive negative comments as to the methodology used. Mr. Kohlmann also testified that he has used this methodology in forming opinions in prior cases where he testified as an expert. Indeed, Mr. Kohlmann's use of the comparative analysis method has previously been approved by the Second Circuit. See United States v. Farhane, 634 F.3d 127, 159 (2d Cir. 2011). Although defendant has identified several strong criticisms other terrorism experts have raised against Mr. Kohlmann, such criticisms go to

4

weight, not to admissibility. If criticism from others in the relevant field was an automatic disqualifier of an expert witness, few social scientists would ever be permitted to testify as experts.

8. Defendant's objection to Mr. Kohlmann's methodology seems to be more of a challenge to qualitative social science and historical research generally than to Mr. Kohlmann particularly. I do not see how a social scientist can form the kind of conclusions expressed in Mr. Kohlmann's report without reviewing primary, secondary, and tertiary sources, and then exercising judgment about which are corroborated or otherwise believed to be credible, and which should not be accepted. That is what Mr. Kohlmann did. It seems to me no different than, for example, the exercise a historian would undertake to determine the precise location of the Battle of Hastings, or the troop size or unit strength of the combatants.

9. I think defendant also overlooks the rather basic nature of Mr. Kohlmann's conclusions. The conclusions themselves seem non-controversial; in fact, defendant has not disputed any of the conclusions themselves. Mr. Kohlmann is merely testifying about the history and evolution of al Qaeda and particular adherents. He has done exhaustive research and analysis to understand that history. Although the straightforward nature of his conclusions do not obviate the need for his qualification and an acceptable methodology, his qualifications seem hard to dispute, and his methodology strikes me as little, if at all, different than most qualitative political science research.

10. Finally, I reject defendant's argument that Mr. Kohlmann's testimony is not relevant pursuant to Federal Rule of Evidence 401, and even if I find that it is, it should be precluded by Federal Rule of Evidence 403 because Mr. Kohlmann's testimony as to specific al Qaeda terrorist attacks, for which defendant has not been charged, and notorious al Qaeda

5

leaders, is unfairly prejudicial. Although defendant has identified several prior cases where portions of Mr. Kohlmann's testimony were precluded as irrelevant, defendant fails to offer any compelling reason as to why these topics are not relevant to the case at hand. In fact, in its memorandum in opposition, the Government states that "every single terrorist, terrorist organization, or terrorist attack," about which Mr. Kohlmann will testify, "was discussed by the defendant in his three-day, <u>Mirandized</u> statements to the United States Government in Italy and his other interviews with Italian law enforcement." It is not unfairly prejudicial for Mr. Kohlmann's to testify regarding certain al Qaeda terrorist attacks and leaders that defendant himself mentioned in his statements to various government officials, especially because defendant's statements on such topics will be offered into evidence.

11. Accordingly, defendant's motion to preclude Mr. Kohlmann from testifying is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 10, 2017