

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SA:MW/MJJ/JK | *271 Cadman Plaza East* |
| F. #2011R01313 | *Brooklyn, New York 11201* |

February 17, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Ibrahim Suleiman Adnan Adam Harun
       Criminal Docket No. 12-134 (BMC)

Dear Judge Cogan:

        The parties respectfully submit, herein, a list of prospective jurors whom the parties agree should be called in for in-person voir dire on February 27, 2017.  Those jurors are set forth in Exhibit A, attached.

        The parties each object to a limited number of additional jurors.  These jurors are identified in Exhibit B (Government Objections) and Exhibit C (Defense Objections), attached.  The Second Circuit has strongly recommended that, in cases where a jury questionnaire is used, the district court conduct some oral *voir dire* before dismissing a prospective juror for cause unless "[i]rrevocable bias [is] so evident from the[] written response as to render superfluous further oral inquiry about the jurors' ability to follow legal instructions and to serve impartially." United States v. Quinones, 511 F.3d 289, 302 (2d Cir. 2007). Accordingly, the parties agree that the jurors identified in Attachments B and C should be brought in for further questioning.

        To the extent that the Court brings in any juror, the parties jointly request that the Court inquire as to each potential juror to give the parties and the Court an opportunity to hear and observe each juror's demeanor and ability to follow the Court's direction.

        As a matter of process, the parties request that the Court seat 12 jurors and 6 alternates, given the potential length of the trial, and the potential complications attendant to it.  In light of the above, and given that Fed. R. Crim. P. 24(b)(2) affords the government 6 peremptory challenges, and the defendant 10 challenges, and given that Fed. R. Crim. P. 24(c) affords the government and defendant, respectively, 3 peremptory challenges in

qualifying 6 alternates, the parties request that the Court qualify 40 jurors during the week of February 27.  Immediately upon the qualification of 40 jurors, the parties request that – after a short break – the parties exercise their peremptory challenges.  The panel should be selected, but not sworn until shortly before opening statements on March 6.

Finally, in advance of jury selection, the government may submit a letter identifying additional follow-up questions for specific jurors.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    _____/s/_____

Shreve Ariail
Melody Wells
Matthew Jacobs
Assistant U.S. Attorneys
(718) 254-7000

Joseph N. Kaster
Trial Attorney,
Counterterrorism Section,
National Security Division

**EXHIBIT A**

| Jurors whom the parties agree should proceed to voir dire on February 27, 2017 |
| --- |
| 1 |
| 2 |
| 3 |
| 5 |
| 6 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 14 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 26 |
| 30 |
| 32 |
| 33 |
| 35 |
| 36 |
| 39 |
| 40 |
| 41 |
| 43 |
| 44 |

| |
|---|
| 46 |
| 47 |
| 49 |
| 50 |
| 51 |
| 52 |
| 56 |
| 57 |
| 58 |
| 59 |
| 60 |
| 63 |
| 65 |
| 68 |
| 69 |
| 71 |
| 73 |
| 74 |
| 77 |
| 78 |
| 81 |
| 83 |
| 86 |
| 87 |
| 89 |
| 90 |
| 92 |
| 93 |
| 96 |

| |
|---|
| 97 |
| 98 |
| 99 |
| 100 |
| 101 |
| 104 |
| 105 |
| 107 |
| 108 |
| 109 |
| 112 |
| 113 |
| 114 |
| 115 |
| 118 |
| 119 |
| 120 |
| 121 |
| 124 |
| 125 |
| 126 |
| 128 |
| 129 |
| 130 |
| 131 |
| 133 |
| 135 |
| 139 |
| 141 |

| 142 |
|-----|
| 146 |
| 147 |
| 148 |
| 151 |
| 152 |
| 158 |
| 160 |
| 163 |
| 164 |
| 166 |
| 170 |
| 171 |
| 172 |
| 175 |
| 177 |
| 178 |
| 179 |
| 180 |
| 182 |
| 183 |
| 186 |
| 187 |
| 189 |
| 190 |
| 191 |
| 192 |
| 193 |
| 194 |

| |
|---|
| 197 |
| 200 |
| 201 |
| 202 |
| 203 |
| 204 |
| 212 |
| 213 |
| 215 |
| 216 |
| 219 |
| 220 |
| 221 |
| 223 |
| 226 |
| 227 |
| 228 |
| 229 |
| 230 |
| 231 |
| 233 |
| 236 |
| 237 |
| 238 |
| 239 |
| 240 |
| 242 |
| 243 |
| 245 |

| |
|---|
| 247 |
| 248 |
| 249 |
| 255 |
| 256 |
| 259 |
| 260 |
| 261 |
| 265 |
| 268 |
| 270 |
| 271 |
| 274 |
| 279 |
| 280 |
| 281 |
| 282 |
| 284 |
| 285 |
| 287 |
| 288 |
| 290 |
| 291 |
| 292 |
| 293 |
| 294 |
| 296 |
| 297 |
| 298 |

| | |
|---|---|
| 299 | |
| 300 | |
| 301 | |
| 302 | |

**EXHIBIT B**

| Jurors to whom the government objects. |
| --- |
| 61 |
| 116 |
| 117 |
| 123 |
| 197 |
| 206 |
| 235 |
| 253 |
| 257 |
| 262 |

**EXHIBIT C**

| Jurors to whom the defendant objects. |
| --- |
| 76 |
| 127 |
| 137 |
| 184 |
| 210 |
| 217 |
| 246 |