

U.S. Department of Justice

United States Attorney
Eastern District of New York

MW/MJJ
F. #2011R01313

271 Cadman Plaza East
Brooklyn, New York 11201

October 2, 2017

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Harun
     Criminal Docket No. 12-134 (BMC)

Dear Judge Cogan:

  The government respectfully submits this letter in response to defense counsel's request for a third adjournment of the defendant's sentencing date, now scheduled for October 17, 2017, and in accordance with the Court's September 28, 2017 minute order.

  Because defense counsel submitted their adjournment request ex parte, the government is unable to assess whether good cause exists for another adjournment. Assuming good cause exists, the government does not object to the requested adjournment.

  Before defense counsel filed its adjournment request on September 27, 2017, see ECF 285, the government consented to defense counsel's request for a six-week adjournment provided that defense counsel agree to a briefing schedule for submission of sentencing memoranda, whereby the defendant's memorandum would be due four weeks before sentencing and the government's memorandum would be due two weeks thereafter. The government respectfully requests that the Court so order this briefing schedule, to which defense counsel has consented, or a similar schedule convenient for the Court.

  The proposed briefing schedule doubles the standard time periods for submission of sentencing memoranda set forth in the Court's Individual Rules and Practices. See § VI.2. The government submits that an enlargement of the Court's standard sentencing submission deadlines is warranted given the nature of the issues to be addressed in connection with the defendant's sentencing. The proposed briefing schedule will reduce the chances that issues arise shortly before sentencing, which may result in further requests for adjournment. In addition, the proposed briefing schedule—to the extent it reduces the

possibility of further adjournment—would minimize potential inconvenience to victims of the defendant who must make advance travel arrangements to attend the defendant's sentencing. See Crime Victims' Rights Act, 18 U.S.C. § 3771(2), (4) and (7) (providing crime victims "[t]he right to reasonable, accurate and timely notice of any public court proceeding," "[t]he right to be reasonably heard at . . . sentencing," and "[t]he right to proceedings free from unreasonable delay").

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By: _____/s/_____
Shreve Ariail
Melody Wells
Matthew Jacobs
Assistant U.S. Attorneys
(718) 254-7000

Joseph N. Kaster
Trial Attorney
Counterterrorism Section
National Security Division
(Of Counsel)

2