# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

UNITED STATES OF AMERICA                          :        12 Cr. 134 (BMC-MDG)

                                                  :        **DECLARATION**

  - against -                                     :

IBRAHIM SULEIMAN ADNAN ADAM HARUN HAUSA,          :        **FILED UNDER SEAL**

                    Defendant.                    :

-------------------------------------------------------------------------------X

SUSAN G. KELLMAN and DAVID STERN, pursuant to 28 U.S.C. §1746, hereby affirm under penalty of perjury:

1.  This Declaration is submitted in connection with the sentencing of Ibrahim Suleiman Adnan Adam Harun Hausa ("Mr. Harun"), whom we represent in the above-entitled case, and sets forth the account of Mr. Harun's initial time in the United States after his arrival (in U.S. custody) from Libya, via Italy.  This Declaration represents our recollection, and we each subscribe personally to the facts attested herein.

2.  Mr. Harun arrived in the U.S. on October 4, 2012.  Mr. Harun informed us that he was held In Libya and tortured for a number of years.  He appeared to be too traumatized to discuss what had been done to him, but was able to point to his disfigured fingers as an example of the abuse he suffered while in Libya.

3.  █████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

4.  However, as described below, ████████████████████, Mr. Harun's behavior and demeanor changed suddenly, dramatically, and unexpectedly, and has not remediated since. As observers, and as attorneys and not mental health professionals, we did not discern any objective rhyme or reason for that transformation, and we are still confused, frustrated, and disheartened by it because of the impact it has had on Mr. Harun's case and his future, and because we remain convinced it has not been in his best interests.

5.  Beginning at the time of his arrest in Italy June 25. 2011, Mr. Harun honestly and openly discussed with U.S. officials his time as an Islamist.  He made known his interest in honestly answering questions put to him by U.S. government officials upon their arrival in Italy, and agreed to be interviewed informally and formally – under oath in an Italian court.  Long portions of those interviews were admitted in evidence at trial as Government Exhibits 30 & 31-T.

6.  Mr. Harun told those U.S. officials in Italy what he knew, whom he knew, what he did, and where he went.  ████████████████████████████

████████████████████████████

████████████████████████████

████████████████

7.  ████████████████████████

████████████████████████████

████████████████████████████

████████████████████████

████████████████████████



8. ██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████, Mr. Harun reported one day that his jailers at the Metropolitan Correctional Center ("MCC") were "messing" with him because they had brought him a brand of tea from the MCC's commissary that he had not ordered and was the same tea that he had been given while in detention in Libya (which we were aware had been a traumatic experience).

9. Mr. Harun was clearly upset, and for the next several days obsessed about the tea – and continued to ask why he was being given this tea – which he claimed, with increasing panic, that he had not ordered from the MCC commissary. Mr. Harun also claimed the tea was the mechanism through which his Libyan jailers had monitored his thoughts.

10. For reasons which are still unknown to us, something fundamental changed over the following two weeks, and in his developing state of instability and panic, ██████████████ ██████████████ Thereafter his mental health continued to decline until the man ██████████ ██████████████ was no longer recognizable.

We each declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge and belief. 28 U.S.C. §1746. Executed December 12, 2017.

_____/s/_____
SUSAN G. KELLMAN


_____/s/_____
DAVID STERN